Commonwealth, Appellant, *v.* Johnson.

Argued April 20, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Domenick Vitullo,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellant.

*Fitzhugh Lee Styles,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, May 24, 1960:

The defendant was convicted of burglary and larceny. On his appeal to the Superior Court from the judgment of sentence, he assigned for error several matters, one of which was the court's charge on the defense of alibi. Because of the view the Superior Court took concerning the charge on alibi, discussion of the other questions raised by the appellant was deemed unnecessary.

The Superior Court expressly recognized "that the charge of the court below [on alibi], at the time it was given, substantially complied with the law" but concluded that "when tested by the standards" lately laid down by this court in *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A. 2d 441, the charge of the court on alibi was "fundamentally wrong". Accordingly, the Superior Court reversed the judgment of sentence and granted appellant a new trial. In so doing, the Superior Court acted upon a misunderstanding as to the operative effect of the rule with respect to a charge on alibi, as approved in the *Bonomo* case, which was intended to be prospective in its applicability to criminal trials had subsequent to our decision in the *Bonomo* case. In *Commonwealth v. Scoleri,* 399 Pa. 110, 160 A. 2d 215, Mr. Justice B. R. JONES, speaking for this Court, pointed out that *"Bonomo* furnishes the guide for *future* judicial instructions on the subject of alibi; by its unambiguous language, it is prospective, not retrospective, in operation and jury instructions given prior to the rendition of this Court of *Bonomo* remain unaffected thereby. The instructions given on the subject of alibi [in the *Scoleri* case] were entirely proper when given and furnish no ground for the grant of a new trial."

Because of the evident conflict of the Superior Court's ruling in the instant case with our above quoted holding in the *Scoleri* case, we allowed this appeal. The order granting a new trial must be reversed and the record remanded to the Superior Court in order that that court may pass upon the other reasons advanced by the appellant for a new trial without reference to the trial court's charge on alibi which, admittedly, was in conformity with the law at the time the defendant was tried and convicted.

The order of the Superior Court granting the appellant a new trial is reversed and the record remanded to the Superior Court for disposition there of the appellant's motion for a new trial on the basis of the other reasons assigned exclusive of the trial court's charge on alibi.