## Commonwealth ex rel. Davis, Appellant, *v.* Russell.

Submitted April 23, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jimmie Lee Davis,* appellant, in propria persona.

*Gordon Gelfond* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1964:

On April 18, 1962, after being advised by the court of the consequences of his plea, appellant, represented by two able counsel, entered a plea of guilty to murder generally. The Commonwealth certified that the evidence would rise no higher than murder in the second degree, and the court proceeded to take testimony to determine the degree of guilt and the sentence to be imposed.

On September 26, 1961, appellant and the victim had an argument in a poolroom. Appellant left, but indicated he would return. He was intoxicated at the time of the argument. Approximately twenty minutes later, appellant, still intoxicated, returned with a shotgun. The owner of the poolroom testified that appellant first pointed the weapon at him. As the victim started to leave, appellant turned in his direction, asked, "Where are you going?" and shot him in the side. It was stipulated that death resulted from this wound.

Appellant testified and contended that the weapon was accidentally fired when the victim grabbed it. Appellant stated that he couldn't "actually say" whether or not he pulled the trigger.

The trial court concluded that appellant was guilty of murder in the second degree and imposed a sentence of not less than ten nor more than twenty years. No

motion to withdraw the plea was made, and no appeal followed.

On June 18, 1963, appellant filed the petition for writ of habeas corpus which is now before us. It was denied without a hearing.

Petitioner contends that the evidence was not sufficient to support the judgment of the court and that the victim's death was accidental. Furthermore, he urges that the sentence imposed does not fit the offense charged.

Appellant, in this Court, attached a supplemental petition raising matters which do not appear of record in the court below and which we shall not pass upon here.

It has long been established that habeas corpus is not a substitute for an appeal. Even if we assume arguendo that appellant's contentions may be raised in a petition for habeas corpus, we are satisfied that the evidence amply supports the trial judge's determination that appellant is guilty of murder in the second degree. Review of the record fully justifies the court's observation.

No proof legally capable of absolving appellant from the responsibility and accountability for his behavior was offered. Appellant cannot now successfully contend that the victim's death was accidental in the absence of proof at trial and in the face of a proper finding to the contrary.

The sentence imposed is obviously authorized by The Penal Code, June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701. Neither the petition nor the record reveal any basis justifying the issuance of the writ. The petition was properly denied without a hearing.

Order affirmed.