Commonwealth ex rel. Davis, Appellant, *v.* Russell.

224

Submitted November 10, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jimmie Lee Davis*, appellant, in propria persona.

*Abner H. Silver* and *Joseph M. Smith*, Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

In April 1962, appellant, while represented by counsel, entered a plea of guilty to the charge of murder generally. A hearing was held on the plea and appellant was adjudged guilty of murder in the second degree and sentenced to a term of imprisonment of 10 to

20 years. No appeal was taken from the judgment of conviction or sentence. His present petition for a writ of habeas corpus was dismissed without a hearing and this appeal followed.

We note at the outset that the instant petition for habeas corpus contains numerous contentions considered and rejected by this Court on a previous appeal. *Commonwealth ex rel. Davis v. Russell,* 415 Pa. 119, 202 A. 2d 306 (1964). Nothing has been called to our attention which would warrant reconsideration of those contentions at this time.

However, appellant also raises a number of contentions in support of the issuance of the writ not previously advanced. While we presently entertain these contentions, we are of the view they do not entitle appellant to the relief sought and affirm the action of the court below.

Appellant first seeks to challenge his conviction on the ground that a confession, allegedly obtained as the result of coercion, was improperly admitted at the hearing on his guilty plea. The record discloses, however, that at the hearing no objection was interposed to the admission of the challenged confession and that appellant took the stand and testified to substantially the same facts as contained therein. Such circumstances preclude reliance on the admission of the confession as a ground for invalidating appellant's conviction. Cf. *Commonwealth ex rel. Parker v. Myers,* 422 Pa. 221, 222, 220 A. 2d 851, 852 (1966), and cases cited therein.

Appellant next contends that he was denied his constitutional right to the assistance of counsel on appeal, relying on the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and the decisions of this Court in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966), and cases cited

therein. For the reasons hereinafter stated, we find no constitutional deprivation and appellant's contention to be without merit.

As previously noted, appellant entered a plea of guilty to the charge of murder generally. Under the rulings of this Court, appellant's plea, once accepted and entered by the court, constituted an admission of guilt of the crime of murder and was of itself sufficient to sustain his conviction of the offense of murder in the second degree. See *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966); *Commonwealth v. Kurus,* 371 Pa. 633, 637, 92 A. 2d 196, 198 (1952); *Commonwealth v. Samuel Jones,* 355 Pa. 522, 525, 50 A. 2d 317, 319 (1947). The only issues, therefore, which would have been available for appellant to press on direct review would have been the validity of the plea and the lawfulness of the sentence. However, on our review of the dismissal of appellant's prior habeas corpus petition, we considered and rejected a challenge both to the plea and to the sentence imposed. *Commonwealth ex rel. Davis v. Russell,* 415 Pa. 119, 121, 202 A. 2d 306, 307-8 (1964). Thus, under the peculiar facts here present—further review of these two previously adjudicated issues being foreclosed—the contention pressed by appellant is moot.

Accordingly, the order of the court below dismissing appellant's petition for a writ of habeas corpus is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.