## Commonwealth *v.* Davis, Appellant.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jimmie Lee Davis,* appellant, in propria persona.

*Michael J. Rotko,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, July 1, 1968:

In April, 1962, Jimmy Lee Davis pleaded guilty generally to murder and was adjudged guilty of murder in the second degree. Sentenced to a term of imprisonment from ten to twenty years, he took no appeal. Later he filed two petitions for writ of habeas corpus (in 1963 and 1965) and they were both denied, the denials being affirmed by this Court, as hereinafter noted.

In October, 1967, he filed the present petition under the Post Conviction Hearing Act alleging he had been deprived of his right to direct appellate review because

of failure of his trial counsel to advise him of his right of appeal. After a hearing, at which Davis was represented by counsel, the petition was discharged, and this appeal followed.

This appeal is governed by the rule laid down in *Commonwealth v. Stokes,* 426 Pa. 265, where we said: "Appellant's allegation that he was denied the right to appeal his conviction is not well founded. A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. Commonwealth ex rel. Bostic v. Cavell, 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967). Thus, the only issues which would have been available for appellant to challenge on direct review would have been the validity of the plea and the lawfulness of the sentence. But since both these claims are cognizable in a collateral proceeding, the denial of the right to appellate review, even if true, would not be prejudicial."

The petitioner argues that his guilty plea was unlawfully induced. This issue, however, has now been before this Court on two separate occasions: *Commonwealth ex rel. Davis v. Russell,* 415 Pa. 119, and *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223.

In the latter decision we stated, and we repeat the assertion here that the petitioner's guilty plea was sufficient to sustain his conviction of murder in the second degree and the only issues he could have raised on appeal would be the validity of the plea and the lawfulness of the sentence, both of which issues he has tested by collateral proceedings. Thus, his not having taken an appeal originally has resulted in no prejudice to him.

The appellant now contends that his attorney told him that he would receive a sentence of only 3 to 10 years, that this promise produced his plea of guilty and that he, therefore, should be allowed to set this plea aside. The hearing court found that the trial

judge did not participate in this alleged plea bargain and that Davis was aware that any bargain did not bind the court. See *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337. Briefly stated, the hearing court did not believe appellant and he has thus not carried the burden of proof. See *Comm. v. McCauley*, 428 Pa. 107.

The order of the court below dismissing the petition for post-conviction relief is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.