Commonwealth *v.* Corbin, Appellant.

Argued March 12, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald L. Reihart,* for appellant.

*John T. Miller,* First Assistant District Attorney, with him *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1968:

Petitioner (through and by his attorney) has taken this direct appeal nunc pro tunc as allowed by the lower Court from the Judgment of Sentence of murder of the first degree.

Anna M. Bittle was found dead on or about May 14, 1950, in Codorus Creek, under the Beaver Street Bridge in York County, and Corbin was indicted for her murder. The Commonwealth proved that Corbin

robbed and killed Anna Bittle; Corbin's defense was an alibi, which was denied by his sister. On January 5, 1951, Corbin was convicted by a jury of first-degree murder, which fixed his sentence at life imprisonment. The Court en banc denied Corbin's motion for a new trial and a judgment of sentence was entered by the Court on June 25, 1951. At the trial and sur his motion for a new trial, defendant was represented by counsel.

Prior to the present appeal, appellant has previously filed a petition for a writ of error coram nobis, seven petitions for a writ of habeas corpus, and one Post Conviction Hearing Act petition (several in our Courts* and several in the Federal Courts), all of which were dismissed. The Supreme Court of the United States denied certiorari on April 7, 1967. We deem it unnecessary to state or review his previous contentions; it will suffice to say that neither at trial nor in any prior petitions or proceedings did he or his counsel raise as a basis for relief any of the grounds herein alleged.

Appellant first contends that it was error to refuse to admit certain notes and letters allegedly written by the State's chief witness for the purpose of showing his bias. Appellant next alleges that it was error to refuse to admit testimony to the effect that several witnesses standing 400 feet from the scene of the alleged crime did not see the appellant in the area. The admission of such evidence was within the discretion of the trial Court and its rejection was not an abuse of discretion and certainly was not reversible error.

Appellant next contends that the lower Court erred in refusing to charge the jury on voluntary man-

---

\* Appeals taken to this Court from such proceedings are reported in 419 Pa. 139, 213 A. 2d 356, and in 423 Pa. 243, 223 A. 2d 738.

slaughter, especially since such failure deprives the jury of its statutory and decisional right to find a verdict of voluntary manslaughter. Act of June 24, 1939, P. L. 872, 18 P.S. §4702. *Commonwealth v. Frazier,* 411 Pa. 195, 191 A. 2d 369; *Commonwealth v. Nelson,* 396 Pa. 359, 152 A. 2d 913; *Commonwealth v. Steele,* 362 Pa. 427, 66 A. 2d 825. Nevertheless, in order to avoid confusion and to aid in promoting and establishing Justice, we have stated over and over again that where there is no evidence of provocation or anger or legal passion, no charge as to voluntary manslaughter is required. *Commonwealth v. Hecka-thorn,* 429 Pa. 534, 241 A. 2d 97; *Commonwealth v. Pavillard,* 421 Pa. 571, 220 A. 2d 807 (1966); *Commonwealth v. LaRue,* 381 Pa. 113, 121, 112 A. 2d 362; *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632; *Commonwealth v. Yeager,* 329 Pa. 81, 85, 196 A. 827.

In *Commonwealth v. Pavillard,* 421 Pa., supra, the Court said (page 576) : "In Commonwealth v. LaRue, 381 Pa., supra . . . The Court said (page 121) : 'Failure of the trial Judge to submit to the jury voluntary manslaughter as a possible verdict was not error. Where there is some evidence which would reduce the crime to voluntary manslaughter, defendant is entitled to have the jury instructed upon the subject: Commonwealth v. Flax, 331 Pa. 145, 200 A. 632. But where there is no evidence of manslaughter, it is proper for the court to refuse to submit to the jury the issue of manslaughter.' "

Appellant, although relying upon an alibi for his defense, contends that there was some evidence on the part of the Commonwealth that defendant was present at the scene of the crime and endeavored to extract money from the deceased, and that a struggle ensued, and from this evidence the jury could have found that anger or legal passion provoked appellant to kill the deceased. Such evidence is insufficient and

inadequate to prove anger or any kind of legal passion and require a charge on voluntary manslaughter.*

Appellant further contends that the Court erred in its charge on alibi. He argues that the Court should have charged, although no exception was taken, that an alibi may itself serve to raise a reasonable doubt as to guilt. For this proposition he relies on *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A. 2d 441 (1959). Prior to *Comomnwealth v. Bonomo*, the law was long and clearly settled that a defendant has the burden of proving his alibi defense by a fair preponderance of the evidence. *Commonwealth v. Gates*, 392 Pa. 557, 141 A. 2d 219; *Commonwealth v. Richardson*, 392 Pa. 528, 140 A. 2d 828; *Commonwealth v. Noble*, 371 Pa. 138, 88 A. 2d 760; *Commonwealth v. Barnak*, 357 Pa. 391, 54 A. 2d 865; *Commonwealth v. Blanchard*, 345 Pa. 289, 26 A. 2d 303; *Commonwealth v. Jordan*, 328 Pa. 439, 196 Atl. 10; *Commonwealth v. Stein*, 305 Pa. 567, 158 Atl. 563; *Commonwealth v. Barrish*, 297 Pa. 160, 146 Atl. 553; *Commonwealth v. Andrews*, 234 Pa. 597, 83 Atl. 412.

However, in *Commonwealth v. Johnson*, 399 Pa. 584, 161 A. 2d 46, this Court expressly held that the rule with respect to an alibi defense recently stated in *Comomnwealth v. Bonomo*, 396 Pa., supra, would apply prospectively only and the jury instructions given prior to the decision in *Bonomo* remain unaffected thereby and furnish no ground for the grant of a new trial. Since Corbin's trial took place in 1951 and *Bonomo* was decided in 1959, it is clear that the *Bonomo* test did not apply in Corbin's case. Furthermore, the Court's charge was both fair and adequate, even under the standard laid down in *Commonwealth v. Bonomo*,

---

* Moreover, appellant admits in his brief that "The evidence of the Commonwealth did not prove voluntary manslaughter but the jury may have believed such a combination of defense and Commonwealth evidence to make out voluntary manslaughter."

supra, —"Even though you are not convinced of it [the alibi] by the weight or preponderance of the evidence, the law says that you must still consider that testimony in arriving at your verdict, and deciding whether or not the Defendant is guilty beyond all reasonable doubt."

Appellant contends that the Court erred in the following portion of its charge respecting felony murder, because there was doubt as to whether the killing occurred during the felony, and, if so, who was robbed and who did the killing. The Court charged that if a killing occurred during the participation in a felony: "Let me say this, further, that under that definition and under the law, although it was so here, it does not even have to be the person who was robbed that was killed. If one of two or more persons, while committing a robbery, kills someone in that attempt, even though it is not the person whom they were robbing, all who were involved in perpetrating or attempting to perpetrate that robbery are equally guilty of the offense of murder, if it results in that way." We find no error in this portion of the Court's charge. Moreover, in *DeMichiei v. Holfelder,* 410 Pa. 483, 486, 189 A. 2d 882, the Court said: "In determining the correctness and adequacy of a Court's charge to a jury, the charge must be read and considered as a whole and not just isolated excerpts therefrom: Commonwealth v. Clanton, 395 Pa. 521, 525, 151 A. 2d 88; Commonwealth v. Butler, 405 Pa. 36, 52, 173 A. 2d 468; Segriff v. Johnston, 402 Pa. 109, 113, 166 A. 2d 496; Commonwealth v. Jordan, 407 Pa. 575, 586, 181 A. 2d 310."

We have carefully considered the Court's charge and find it to be both accurate and fair, and we further find that none of appellant's contentions has any merit.

Judgment of Sentence affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.