Commonwealth *v.* Woolcutt, Appellant.

Submitted April 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Daniel Brocki,* and *Dunn, Wolford & Sesler,* for appellant.

*Michael M. Palmisano,* First Assistant District Attorney, and *William E. Pfadt,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 11, 1970 :
Order affirmed.

———

DISSENTING OPINION BY SPAULDING, J.,
I respectfully dissent.

On March 14, 1968, appellant, Robert Woolcutt, pleaded guilty to charges of violating the Firearms Act and to aggravated assault and battery. After a Post Conviction hearing he was permitted to file an appeal nunc pro tunc, but his request for a new trial was denied. Appellant claims that since he was not informed of his rights to appeal his sentence, he is entitled to a new trial.

It has been stipulated by defense counsel and the District Attorney of Erie County that appellant was not informed of his appeal rights as required by *Douglas v. California,* 372 U.S. 353 (1963). That fact taken alone would not entitle him to a new trial, since by his guilty plea he has waived all nonjurisdictional defects and defenses in matters preceding the entry of

the plea. *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966). If he had been informed of his rights to appeal, he would have been limited to challenging the validity of his plea and the lawfulness of the sentence. *Commonwealth v. Conard,* 212 Pa. Superior Ct. 133, 240 A. 2d 388 (1968).

However, there is, in my view, fundamental error which goes to the validity of the plea. A stenographer was not present either at the guilty plea hearing, or at the time of sentencing. As I stated in a dissenting opinion in *Commonwealth v. Anderson,* 215 Pa. Superior Ct. 147, 256 A. 2d 868 (1969):

"Notes of testimony are essential for post-trial or appellate review. Without a record, no reviewing court can determine whether trial errors were committed or whether the evidence supported the verdict. Consequently, as it effectively forecloses all future review, failure to request stenographic recording of trial proceedings is tantamount to a decision *before trial* that no appeal will be taken. No reasonable basis for trial counsel's action has been advanced here by the Commonwealth nor is any conceivable. I conclude that appellant was deprived of constitutionally effective assistance of counsel.

"Inasmuch as constitutionally ineffective representation has totally negated the possibility of the post-trial and appellate review to which appellant is entitled, the appropriate relief is the maximum relief available on appeal, a new trial." at 151 (Emphasis in original.) See also, *Commonwealth v. DeSimone,* 216 Pa. Superior Ct. 213, 263 A. 2d 901 (1970) (dissenting opinion).

I would reverse the order of the court below and grant a new trial.

HOFFMAN, J., joins in this dissenting opinion.