## Commonwealth v. Corbin, Appellant.

Submitted May 25, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Gerald E. Ruth,* Public Defender, for appellant.

*Gary M. Gilbert,* Assistant District Attorney, and *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 9, 1970:

On January 5, 1951, appellant was found guilty of first degree murder after a trial by jury at which he was represented by counsel. A sentence of life imprisonment was imposed in accordance with the verdict. In the decade following appellant's conviction he filed numerous post-conviction petitions, the details of which are summarized in *Commonwealth ex rel. Corbin v. Myers,* 76 York 30 (1961).

On June 7, 1967, appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (the Act), alleging several constitutional grounds for relief, but stating facts which supported only the claim that appellant had been denied the right to counsel to assist in an appeal from his judgment of sentence. Counsel was appointed for the purpose of the post-conviction proceeding and an evidentiary hearing was held solely on the issue of whether defendant was deprived of his constitutional right to the assistance of counsel to perfect on appeal.[1] The hearing court granted appellant permission to appeal *nunc pro tunc.* A direct appeal to this Court followed, and the judgment of sentence was affirmed. *Commonwealth v. Corbin,* 432 Pa. 551, 247 A. 2d 584 (1968).

---

[1] At the beginning of the evidentiary hearing held July 21, 1967, the hearing judge announced that the hearing was concerned only with the issue of denial of the assistance of counsel for the purpose of taking an appeal from the judgment of sentence. Thereafter the following exchange took place:

"*The Court*: I reached that conclusion, Mr. Reihart [appellant's counsel], because although the defendant alleged five grounds as the basis for his petition, he asserted facts in support of only one of them, and that was the denial of the right of counsel for the purpose of appeal, and that therefore is the only issue before us. Is that so?

"*Mr. Reihart*: That is correct, your honor.

"*The Court*: All right. I will hear whatever you have."

The appeal herein is from the dismissal, on September 15, 1969, without hearing, of yet another petition filed September 2, 1969, pursuant to the Act. The basis for relief set forth in that petition was that the confession of appellant's codefendant, which implicated the appellant in the murder, was made when the codefendant did not have the benefit of counsel. The only issue presented to this Court is whether the appellant has waived the right to litigate the issue presented by his latest petition. We find that he has.

Section 4 of the Act, *supra*, 19 P.S. §1180-4, provides:

". . . (b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. 1966, Jan. 25, P. L. (1965) 1580, §4, effective March 1, 1966."

This Court has repeatedly held that where a petitioner in a prior PCHA proceeding has received a hearing at which he was represented by counsel and failed to raise therein the issues which he asserts in a subsequent PCHA petition, such failure constitutes a knowing and understanding waiver under §4 of the Act, barring relief on the subsequently raised issues.[2] *Com-*

---

[2] The petition does not assert any applicable retroactive constitutional claims which were not previously available to the appel-

*monwealth v. Henderson,* 433 Pa. 585, 253 A. 2d 109 (1969) ; *Commonwealth v. Black,* 433 Pa. 150, 249 A. 2d 561 (1969) ; *Commonwealth ex rel. Linde v. Maroney,* 432 Pa. 324, 248 A. 2d 235 (1968) ; *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968). Likewise the failure to raise available issues on the appeal previously taken to this Court constitutes a waiver of any issues which could have been raised therein.

As the present proceeding does not raise any issues which could not have been raised in either the 1967 PCHA petition or the direct appeal to this Court following that petition, appellant has now waived the right to raise any additional issues not previously asserted. For this reason we affirm the order of the lower court dismissing the PCHA petition without hearing.

---

lant. Such issues would not have been waived by reason of not previously asserting them. See *Commonwealth v. Stevens,* 429 Pa. 593, 240 A. 2d 536 (1968). Cf. *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970).