Commonwealth *v.* Ferris, Appellant.

Submitted November 9, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

_____

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant Edward Ferris appeals from the order of the Court of Common Pleas of Allegheny County, of September 14, 1970, denying post-conviction relief after a hearing. Appellant contends that his 1967 guilty plea to several indictments charging burglary, possession of narcotics, and violations of the Uniform Firearms Act, was entered in the belief that there was a binding plea bargain to limit his sentence to 5 to 10 years, and that he was not informed of his right to appeal. The actual sentence totaled 10 to 20 years.

The post-conviction hearing testimony of appellant's trial counsel disclosed that while he had informed appellant of the proposed bargain, he had *not* warned him that it was not binding, and he thought appellant had believed it was binding. Counsel explained that he had felt at the time of trial that appellant had no valid defense to the burglary charge, but that the evidence on the narcotics indictments should be suppressed because of invalid search warrants. He discussed a plea bar-

gain with the District Attorney, who was unwilling to recommend less than a 5 to 10 year sentence. When he explained this to appellant, appellant "was not too receptive to plead because it was a long time." The final agreement with the District Attorney was that appellant would plead guilty if the motion to suppress was denied, as did happen.

A review of the hearing testimony, however, shows that the Assistant District Attorney actually prosecuting the case was not aware of any bargain being made. In addition, the hearing judge, who had been the trial judge, stated: "It is also strikingly apparent that the trial judge had no connection with or did not consult in any way with defendant's counsel with respect to a sentence. In fact, when the trial judge was subsequently informed of the proposed sentence of the alleged understanding between the District Attorney and defendant's counsel, the judge turned it down flatly and literally ordered defense counsel out of chambers." Letters from counsel to appellant, sent after sentence was imposed, stated that unfortunately the bargain was not binding, that counsel had made an unsuccessful attempt to persuade the judge to reduce the sentence, and that counsel did not feel there was anything further that could be done.

The record does not show that appellant was ever told of his right to appeal. The only possible reference to this right, the court's question whether counsel had informed appellant of his constitutional rights, is not sufficient. See *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968). Further, counsel's letters to appellant conveyed the impression that appeal was out of the question without even discussing the right. The hearing court erred in finding that appellant had knowingly waived the right to contest the validity of his plea, and this claim was properly raised at post-

conviction hearing. See *Commonwealth v. Davis*, 430 Pa. 392, 243 A. 2d 424 (1968).

In colloquy at the entry of his guilty plea, appellant's answers showed that he knew a long sentence could be imposed. However, it is worthy of note that he was not asked whether any threats or promises had been made.

The hearing court's conclusion that appellant had not sustained his burden of proving the plea unintelligently entered, see *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966); *Commonwealth v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970), was based on factors which do not support that conclusion. Accepting trial counsel's version of the events, the court chose not to believe that appellant could have expected a binding plea bargain because of his "long criminal record" and his awareness that a substantial sentence could be imposed. Appellant had to rely on his attorney's understanding of his legal position. Although counsel did not take proper steps to protect the bargain, it is evident that he thought it would be followed. Further, it is uncontradicted that counsel thought appellant believed the bargain was binding, and that counsel did not correct this misapprehension.

I would reverse the order of the court below and grant a new trial.

HOFFMAN, J., joins in this dissent.