Commonwealth *v.* Sheid, Appellant.

Submitted January 11, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

Petition for post-conviction relief. Before LIPPINCOTT, II, J.

Petition dismissed. Petitioner appealed.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 1, 1971:

On June 21, 1966, Woodrow Wilson Sheid, while represented by court-appointed counsel, entered a general plea of guilty to murder in Delaware County. Before accepting the plea, the trial court directed numerous questions to Sheid personally and his answers thereto clearly indicated that the plea was Sheid's voluntary act, and that he understood the consequences thereof. After an extensive hearing, Sheid was adjudged guilty of murder in the second degree and was sentenced to imprisonment for a term of 7½ to 15 years. No appeal from the judgment was entered.

On January 11, 1968, Sheid filed a petition seeking relief under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 to -14 (Supp. 1971). Counsel was appointed to represent him and an evidentiary hearing followed. In these

proceedings, Sheid maintained: (1) that the sentence proceedings violated constitutional due process in that in imposing sentence the trial court considered prior convictions suffered at a time when he was without the assistance of counsel; and (2) that he was never advised of his right to appeal from the judgment of sentence.

Sheid's trial counsel testified at the hearing that he fully advised Sheid of his right to appeal both before and after the guilty plea was entered. On the basis of this testimony, the court found that Sheid was not deprived of his "Douglas" rights, but in an exercise of extreme caution the court vacated the original sentence and directed that new sentence proceedings ensue. Such followed at a later date, and then the court imposed a sentence of imprisonment of similar duration as that originally imposed. In imposing the new sentence, the court made it clear that Sheid's prior record was not being considered.

A timely appeal from the judgment of sentence was then filed in this Court. While this appeal was pending Sheid filed a new petition in the trial court seeking post-conviction relief from the 1966 judgment asserting that his guilty plea was involuntarily entered. The appeal pending in this Court was then "withdrawn and discontinued" on praecipe signed and filed by Sheid's post-conviction relief counsel.

Subsequently, an evidentiary hearing on the second post-conviction relief petition was conducted during which Sheid had the assistance of counsel. The petition was dismissed and from the last mentioned order, the present appeal was filed.

No exceptional circumstances are alleged in the present proceedings to show why the voluntariness of the plea question was not raised in Sheid's first post-conviction relief proceedings. Moreover, Sheid had the

opportunity of pursuing this issue in the appeal from the judgment of sentence which his counsel withdrew and discontinued. Under the circumstances, the issue has now been waived. See Act of 1966, Id. §1180-4. *Commonwealth v. Corbin,* 440 Pa. 65, 269 A. 2d 475 (1970) ; and *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970).

Order affirmed.