Commonwealth *v.* Littlejohn, Appellant.

136

Submitted January 5, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Leonard M. Sagot,* for appellant.

*Joseph D. Grano* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, December 29, 1971:

This is an appeal from the dismissal without a hearing by the Court of Common Pleas of Philadelphia County of appellant's petition under the Post Conviction Hearing Act (PCHA).[1]

In 1961 appellant was convicted by a jury of murder in the first degree for the poisoning of his wife and sentenced to serve a life term in prison. No direct

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1971).

appeal was taken. In May of 1966, appellant filed a PCHA petition, counsel was appointed, a hearing was held and the petition dismissed. Appellant appealed the dismissal to our Court in 1968. Our opinion on that appeal held that appellant had been denied his appeal rights, but we affirmed the dismissal of the petition after a review of the merits. *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A. 2d 811 (1969).

In December of 1969 appellant filed the present PCHA petition averring that certain alleged tacit admissions had been used against him at trial. In our view appellant waived this issue when he failed to raise it on the prior counseled PCHA petition and has not proven the existence of any extraordinary circumstance which can justify such failure to raise it as required by Section 4 of the PCHA. *Commonwealth v. Corbin*, 440 Pa. 65, 67, 269 A. 2d 475 (1970).

Moreover, we are satisfied after a review of the record that even if the alleged question were not waived, it would have insufficient merit to warrant the grant of the relief requested.

Order affirmed.