## Commonwealth *v.* Woolcutt, Appellant.

Submitted April 10, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Stephen H. Hutzelman,* for appellant.

*Joseph T. Messina,* Assistant District Attorney, and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., June 15, 1972:

In early January of 1968 the Supreme Court in a unanimous opinion stated that trial courts would be

best advised to conduct an on the record inquiry to determine whether guilty pleas are knowingly and voluntarily entered, *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A. 2d 196, 198 (1968). Only three months later, despite this admonition, appellant's guilty pleas were accepted and sentence immediately imposed although no stenographer was present to record the proceedings.[1]

In September of 1968 the appellant filed a post-conviction petition asking that the right of appeal be granted *nunc pro tunc.* After the appointment of counsel the petition was granted in February 1969, but no appeal was actually taken. In November of 1969 the appellant, through counsel, filed a second post-conviction petition praying for reduction of sentence or, alternatively, vacation thereof. Denial of this petition was appealed and our Court affirmed, *Commonwealth v. Woolcutt,* 217 Pa. Superior Ct. 91, 266 A. 2d 551 (1970) (*per curiam,* SPAULDING and HOFFMAN, JJ., dissenting) and allocatur was refused.

By the failure of the appellant and his counsel to raise the issues in the earlier post-conviction petitions or in his appeal and the failure to prosecute the right of appeal *nunc pro tunc,* under §4 of the Post Conviction Hearing Act[2] appellant has apparently waived such issues as the validity of his guilty pleas and effective assistance of counsel, *Commonwealth v. Sheid,* 443 Pa. 82, 278 A. 2d 160 (1971); *Commonwealth v. Corbin,* 440 Pa. 65, 269 A. 2d 475 (1970).

In October 1971 the appellant filed his third PCHA petition requesting a new trial because of the absence

---

[1] Effective February 3, 1969, Pa. R. Crim. P. 319(a) was amended to *require* an on the record inquiry and determination of whether pleas of guilty are knowingly and voluntarily entered.

[2] Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4 (Supp. 1971).

of a transcript of the plea and sentencing proceeding, relying on *Commonwealth v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971) as a new development in the law.[3] After counsel submitted a brief, the petition was denied. There is no doubt that the failure of a transcript to contain critical portions of a trial may warrant the grant of a new trial, *Commonwealth v. Norman*, 447 Pa. 515, 291 A. 2d 112 (1972) (trial court's charge). Absence of a part of a trial transcript, just like a complete absence, may deprive defendant of his right of a meaningful appeal. However, *Anderson* and its progeny do not require a new trial under the circumstances of this case because they did not overrule, *Commonwealth ex rel. West v. Rundle, supra,* which held that a new trial was not mandatory because of the absence of an on the record colloquy with reference to the plea of guilty.

The appellant in this Court for the first time asks that he be given an evidentiary hearing to determine if his plea was constitutionally invalid. He has not contended in the court below on any of his three PCHA petitions that his pleas were not made knowingly and voluntarily. His petitions show no reason why he should be allowed at this time or at any future time to make that contention.

The order of the lower court is affirmed.

―――――

DISSENTING OPINION BY HOFFMAN, J.:

Under the circumstances of this case I can find no reasonable basis for counsel's failure to raise the issue of the voluntariness and validity of appellant's guilty pleas in his Post Conviction Hearing Act petitions.

―――――

[3] *Anderson* has received retroactive application, *Commonwealth v. DeSimone*, 447 Pa. 380, 290 A. 2d 93 (1972).

I would therefore hold that appellant has not waived this claim and is entitled to a hearing under the Post Conviction Hearing Act, 19 P.S. §1180-9. See *United States ex rel. Fear v. Commonwealth of Pennsylvania*, 423 F. 2d 55 (3d Cir. 1970), and *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A. 2d 521 (1972).