Commonwealth *v.* Parker, Appellant.

Submitted September 25, 1972.   Before JONES, C. J.,
EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-
DERINO, JJ.

*J. Graham Sale, Jr.* and *John J. Dean,* Assistant
Public Defenders, and *George H. Ross,* Public Defend-
er, for appellant.

*Carol Mary Los,* Assistant District Attorney, and
*Robert W. Duggan,* District Attorney, for Common-
wealth, appellee.

OPINION BY MR. JUSTICE EAGEN, November 17, 1972:
On March 17, 1969, Frank Butera was fatally shot
in his brother's watch repair shop in Pittsburgh.   Mar-
vin Collins and Larry Parker were charged with com-
mitting the crime and indicted by a grand jury in a
joint bill for murder and voluntary manslaughter.   On
motion of Parker a severance was granted.

On January 29, 1970, Collins was convicted by a
jury of murder in the first degree and the punishment
was fixed at life imprisonment.[1]   On May 11, 1970,
while assisted by self-retained counsel, Parker entered

---

[1] On April 20, 1972, we reversed the judgment and awarded
Collins a new trial because the trial court erroneously excluded cer-
tain testimony sought to be introduced on Collins' behalf at trial.
See 447 Pa. 300, 290 A. 2d 121 (1972).

a general plea of guilty to murder before the same judge who presided during the Collins trial. Before accepting the plea, the court advised Parker in clear language of his right to a trial by jury, the presumption of innocence, the impact and the possible consequences of pleading guilty to murder. Then in answer to a series of questions by the court, Parker affirmatively indicated the guilty plea was entered voluntarily and knowingly and "because I am guilty." An evidentiary hearing followed and Parker was adjudged guilty of murder in the second degree and sentenced to serve imprisonment for a term of 10 to 20 years.

Immediately after sentence was imposed, the court advised Parker of his right to appeal from the judgment of sentence and of his right to have the assistance of counsel free of charge in filing and prosecuting the appeal in the event he was indigent. However, no appeal was filed.

On July 2, 1971, Parker filed a petition seeking post-conviction relief. After an evidentiary hearing the petition was dismissed and this appeal challenges the correctness of that order. Throughout the instant proceedings, Parker has been represented by court-appointed counsel.

It is asserted Parker's conviction and sentence should be set aside for two reasons: (1) the guilty plea was not knowingly and intelligently entered because it was motivated by the prior conviction of Collins; and (2) Parker's constitutional right against self-incrimination was violated "when he testified against himself" during the plea proceedings without having been advised of his right not to testify.

We need not reach the merits of the foregoing contention. Section 3 of the Post Conviction Hearing Act[2]

---

[2] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq.

provides that for the petitioner to be eligible for relief it must be demonstrated "that the error resulting in his conviction and sentence has not been finally litigated or waived." Section 4 then provides an issue is waived if the petitioner knowingly and understandingly failed to raise it in a prior appeal, and is unable to either (a) prove the existence of "extraordinary circumstances" or (b) rebut the statutory presumption that "a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

That Parker knowingly and intelligently waived his right to file a direct appeal from the judgment of sentence is not questioned. Further, Parker has not attempted to assert any "extraordinary circumstances" or to rebut in any way the presumption that his failure to appeal and to raise the issues now asserted was "a knowing and understanding failure." Under such circumstances, the instant collateral attack on his conviction and sentence is foreclosed.

Order affirmed.