[2] *Commonwealth v. Cordell*, 436 Pa. 477, 479-480, 260 A. 2d 748 (1970).

Commonwealth *v.* Bender, Appellant.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Michael J. Cefalo* and *Correale F. Stevens,* Assistant Public Defenders, for appellant.

*Chester B. Muroski,* Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

Appellant Donald Lee Bender appeals from the denial of post-conviction relief following his 1966 convic-

tions for robbery and rape.[1] At appellant's request, the cases were severed, and separate jury trials were held, both of which resulted in convictions.

Appellant contends that the in-court identification made during the robbery trial was the result of a prior illegal identification of him from a lineup at which he was denied the assistance of counsel. He asserts that this lineup procceding was therefore violative of his Sixth Amendment right to counsel, as enunciated in *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926 (1967). We find, as did the court below, that the lineup in question was not subject to the *Wade* guarantee, because the decision in *Stovall v. Denno*, 388 U.S. 293, 87 S. Ct. 1967 (1967), restricted the application of *Wade* to identifications made after June 12, 1967. Appellant's lineup and trial both preceded that date.

Appellant further contends, apart from the right to counsel issue, that the lineup was overly suggestive, thus denying his constitutional right to due process of law. Our review of the record fails to disclose any evidence to support appellant's contention that because of his manner of dress he stood out from the other men in the lineup.

Appellant attacks his rape conviction claiming that the judge's charge to the jury was so prejudicial that he was denied due process of law. This issue was raised for the first time in this present appeal. It was never raised in prior post-conviction proceedings, nor on previous appeals to this Court. Since appellant has failed to "prove the existence of extraordinary circumstances to justify his failure to raise the issue" as required by the Post Conviction Hearing Act, Act of Jan. 25, 1966, P. L. (1965) 1580, Sec. 4, 19 P.S. §1180-4 (b) (2), he is deemed to have waived this issue.

The orders below are affirmed.

---

[1] There were also convictions for prison breach and larceny of a motor vehicle, but they are not the subjects of this appeal.