Commonwealth v. Caskie, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J. JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

A. Anthony Kilkuskie, Assistant Public Defender, for appellant.

Grant E. Wesner, Deputy District Attorney, and Robert L. VanHoove, District Attorney, for Commonwealth, appellee.

232

OPINION PER CURIAM, June 21, 1974:

This is an appeal from a dismissal of a Post Conviction Hearing Act petition. In that petition appellant challenged the validity of guilty pleas made in 1967 to drug possession and sale charges.

In September of 1967, appellant filed a PCHA petition challenging these guilty pleas in addition to convictions by a jury on two unrelated drug charges. After a hearing, this petition was dismissed with respect to all matter raised therein. On appeal this court affirmed the dismissal in a per curiam order. *Commonwealth v. Caskie*, 214 Pa. Superior Ct. 710, 249 A. 2d 817 (1969). In August of 1971, appellant filed another PCHA petition relating to the guilty pleas presently attacked. This petition was likewise denied after a hearing. After the expiration of the appeal period, appellant filed a petition for leave to appeal the dismissal nunc pro tunc. That petition was denied by this Court, and no appeal from that order was taken.

In this, appellant's third PCHA petition, appellant raises the same issues that were raised in the previous petitions. The court below dismissed the petition on the grounds that the issues were waived or previously litigated.

Under the facts of the instant case, we agree with this court below. The same issues could have been raised in an appeal from the denial of the second petition, and appellant has neither proven nor alleged extraordinary circumstances to justify his failure to appeal. Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4, effective March 1, 1966. *Commonwealth v. Bender*, 226 Pa. Superior Ct. 482, 313 A. 2d 309 (1973).

Order affirmed.