442 A.2d 256

**COMMONWEALTH of Pennsylvania**

v.

**Lee Preston FLYNN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Feb. 19, 1982.

514

John A. Bednarz, Jr., Wilkes-Barre, for appellant.

Anthony J. Lucadamo, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

Appellant, Lee Preston Flynn, appeals from the lower court's denial of his request for relief under the Post-Conviction Hearing Act[1] (PCHA). We reverse and remand for proceedings consistent with this opinion.

The facts, as garnered from the record, consist of the following: On March 5, 1979, appellant pled guilty to two counts of Burglary, two counts of Receiving Stolen Property, two counts of Theft, Criminal Conspiracy and Criminal Attempt. The plea was entered pursuant to a bargain, wherein appellant, on May 14th, was sentenced on just one count of Burglary to a minimum term of two and one-half years less two days and a maximum term of five years less one day. Sentence on the remaining charges was suspended.

On May 29, 1979, appellant again pled guilty to Theft By Unlawful Taking and Criminal Attempt to Commit Arson. In exchange for the plea, appellant was sentenced to a minimum of two and one-half years less two days and a maximum of five years less one day on the Theft By Unlawful Taking offense—this was to be served concurrently to the prior sentence. Also, the sentences for charges on Receiving Stolen Property and Criminal Attempt to Commit Arson were suspended. Additionally, two counts of Corruption of Minors were *nolle prossed*. As with the first plea, appellant filed neither a petition to withdraw nor an appeal from the sentence imposed, although he was informed by the court of his right to do so.

It was not until July 16, 1979, that appellant took legal action by preparing a *pro se* PCHA petition. In the petition he alleged, *inter alia*, guilty plea counsel's ineffectiveness. Because of appellant's representation by a member of the Public Defender's Office of Luzerne County at the time of his pleas, the court wisely appointed private counsel to assist

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq. as amended*, 19 P.S. § 1180-1 *et seq., repealed* by Section 2(a) [1397] of the Act of April 28, 1978, P.L. 202, No. 53, repeal effective June 27, 1980, *as amended* by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, § 2, delaying repeal until June 27, 1981.

him. An amended petition was filed alleging: (a) the introduction of evidence obtained pursuant to an unlawful arrest; (b) the introduction of evidence obtained by an unconstitutional search and seizure; (c) the introduction of a coerced confession into evidence; (d) the introduction into evidence of a statement obtained in the absence of a lawyer at a time when representation was constitutionally required; (e) the infringement of appellant's privilege against self-incrimination under either federal or state law; (f) the denial of appellant's constitutional right to representation by a competent lawyer; (g) the pleas of guilty being unlawfully induced; and (h) the unavailability at the time of trial of exculpatory evidence that subsequently became available and that would have affected the outcome of the trial if it had been introduced.

A hearing was held, and, after the taking of testimony, the petition was denied on January 16, 1980. Counsel proceeded to file an appeal; however, before he "received a briefing schedule" from this Court, he "withdrew and discontinued" the appeal. Counsel then submitted a second PCHA petition to the lower court reasserting Points (a), (f), (g) and (h) listed *supra*. Further, counsel argued his own ineffectiveness for "not obtain[ing] a copy of the notes of testimony of the March 5, 1979 guilty plea hearing . . . until almost a year later . . . ." (Appellant's "Brief In Support Of The Petitioner's Request For Post Conviction Hearing," at 6) Had he done so, counsel urged, he would have been able to present the PCHA court with evidence that the March 5th plea was: 1) factually defective; and 2) deficient for not informing the accused "that the jury would be chosen from members of the community or that the verdict of the jury would have to be unanimous . . . ." *Id.* at 8. After a hearing, the relief requesting withdrawal of the guilty pleas was denied on September 2, 1980.

The instant action is a consolidation of appellant's appeal from the lower court's Orders, dated January 16, 1980—re: March 5th plea, and September 2, 1980—re: May 29th plea.

Counsel for appellant challenges the validity of the pleas under the rubric of ineffective counsel. Before reaching the merits of the claim, we need to address a procedural matter, i.e., whether appellant's withdrawal of the prior appeal constitutes a waiver of his right to challenge the lawfulness of the pleas. Such a question is similar to the one posed to the court in *Commonwealth v. Sheid*, 443 Pa. 82, 278 A.2d 160 (1971).

In *Sheid*, the defendant, while represented by court-appointed counsel, pled guilty to murder. The lower court, after conducting an extensive hearing, determined that the plea was a voluntary, knowing and intelligent one and made by the defendant with an understanding of the consequences thereof. Sentence was imposed, but no appeal was taken. Thereafter, defendant filed a PCHA petition. Counsel was assigned and a proceeding was held. Although the court decided that defendant's appellate rights were not violated, the original sentence was vacated and a sentence similar to the original one was ordered. Following this, a timely appeal was filed.

Notwithstanding the pendency of the appeal, Sheid filed a new (second) PCHA petition protesting that his guilty plea was involuntarily entered. The appeal before this Court was subsequently "withdrawn and discontinued" by Sheid's post-conviction relief counsel. Shortly thereafter, a hearing on the second PCHA petition was conducted and an appeal taken when the relief sought was denied. Our Supreme Court found that Sheid's claims were waived; in so doing, stated:

"No exceptional circumstances are alleged in the present proceedings to show why the voluntariness of the plea question was not raised in Sheid's first post conviction relief proceedings. *Moreover, Sheid had the opportunity of pursuing this issue in the appeal from the judgment of sentence which his counsel withdrew and discontinued. Under the circumstances, the issue has now been waived.* See Act of 1966, [19 P.S.] § 1180–4. *Commonwealth v. Corbin*, 440 Pa. 65, 269 A.2d 475 (1970); and *Common-*

*wealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970)." . (Emphasis added)

*Id.* 443 Pa. at 83, 278 A.2d at 161. See generally *Commonwealth v. Via*, 455 Pa. 373, 376, 316 A.2d 895, 897 (1974); *Commonwealth v. Kravitz*, 441 Pa. 79, 83, 269 A.2d 912, 914 (1970); *Commonwealth v. Caskie*, 228 Pa.Super. 231, 232, 323 A.2d 248, 249 (1974); *Commonwealth v. Rispo*, 222 Pa.Super. 309, 311, 294 A.2d 792, 794 (1972); cf. *Commonwealth v. Haynes*, 234 Pa.Super. 556, 560, 340 A.2d 462, 464 (1975) ("Under the PCHA, 'waiver may be *presumed* only where the petitioner had counsel at the time the waiver allegedly occurred.' *Commonwealth v. Mumford*, 430 Pa. 451, 243 A.2d 440 (1968). In the instant case, the appellant did not have the assistance of counsel in either the preparation of his PCHA petition or the decision to discontinue his appeal [; thus, no waiver occurred]." (Emphasis in original)); *Commonwealth v. Parker*, 449 Pa. 282, 296 A.2d 744 (1972).

We find the rationale in *Sheid* apposite to the case at bar. To start with, it is now settled that the proper procedure for attacking a guilty plea following the entry of judgment of sentence is to file with the trial court which accepted the plea a petition to withdraw the plea. *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). "If the defendant remains unsatisfied with the lower court's disposition of his petition to withdraw his guilty plea, *then at that point the issue would be properly preserved and ripe for appellate review.*" (Emphasis added) *Id.*, 237 Pa.Super. at 339, 352 A.2d at 141. This procedure, which is codified in Pa.R.Crim.P. 321 [2] minimizes the likelihood of a costly, time consuming and unnecessary appeal. More importantly, Rule 321 affords the lower court the first opportunity to rectify any improprieties associated with the guilty plea. Such objective was satisfied instantly, when appellant filed his first PCHA petition assailing the pleas under the caption of

**2.** Rule 321 provides in pertinent part: "(a) A motion challenging the validity of a guilty plea, or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence."

ineffective counsel.[3]  Consequently, *because appellant was incorrect in withdrawing his appeal and filing a second PCHA petition, we find the issues raised to be waived.[4] Commonwealth v. Sheid,* supra; see generally *Commonwealth v. Butler,* 495 Pa. 82, 88, 89, 432 A.2d 590, 595, 596 (1981) (LARSEN, J. Concurring Opinion; FLAHERTY, J., Concurring Opinion joined by KAUFFMAN, J.).  The fact that the question of waiver has not been raised by the Commonwealth in its brief does not foreclose this Court

**3.**  In the case *sub judice,* albeit appellant did not seek to challenge his guilty pleas by first filing a motion to withdraw the pleas with the court where they were entered, "[s]ince the appellant coupled his attack on the plea[s] with a contention that his [guilty plea] counsel was ineffective," *Commonwealth v. Maute,* 263 Pa.Super. 220, 224, 397 A.2d 826, 828 (1979), the lower court was not precluded from conducting a hearing on the claims made.  See *Commonwealth v. Miller,* 495 Pa. 177, 433 A.2d 1 (1981).

**4.**  We note that the holding in *Commonwealth v. Beatty,* 474 Pa. 104, 376 A.2d 994 (1977) does not require a contrary result.  In *Beatty,* the accused filed an appeal from the judgment of sentence entered pursuant to a plea of guilty.  The appeal was withdrawn on the advice of counsel and a PCHA petition was simultaneously filed. The lower court dismissed the petition without a hearing and this Court affirmed.  *Commonwealth v. Beatty,* 236 Pa.Super. 137, 344 A.2d 591 (1975).  The Supreme Court vacated and remanded the case to the lower court, concluding that the issues were not waived.  In *Beatty,* unlike the case at bar and *Sheid,* the accused *initially* sought to have his guilty plea invalidated on appeal, *and then withdrew same* to seek relief through the PCHA.  The Supreme Court found no fault with such deviation from the law, on the grounds that:
> "Since guilty pleas are properly attacked in the first instance in trial court, it follows that appellant cannot be faulted for failing to attack his plea on direct appeal.  To hold otherwise would create the anomaly of penalizing appellant for failing to follow a procedure . . . recognized as incorrect." (Footnote omitted) *Id.* 474 Pa. at 110, 376 A.2d 997.

Instantly, appellant complied with the intent of *Beatty* in filing the first PCHA petition—this gave the lower court the first opportunity to decide the issue, but when he withdrew the initial appeal from the denial of said petition, he ran afoul the admonition in *Sheid.*  Thus, a finding of waiver is proper.

Despite the fact that appellant has plainly waived the matters which he seeks to have this Court review, and we need not and do not decide any of the substantive issues raised, our examination of the record in this case indicates that there is little, if any, merit in any of the substantive issues raised in the brief submitted by counsel on behalf of appellant, which has been carefully examined, in addition to our examination of the entire record of this case.

from doing so *sua sponte. Commonwealth v. Klaric*, 263 Pa.Super. 286, 397 A.2d 1212 (1979).

■ More particularly, we observe that the result reached is consonant with Section 4 of the PCHA, which provides in pertinent part: "(b) For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . . (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." 19 P.S. § 1180–4(b)(1) & (c) (Supp.1978–79); see *Commonwealth v. Rispo*, supra (Section 4 presumption is constitutional). Instantly, such presumption has not been rebutted since there has been no proof that appellant's withdrawal of his appeal was anything but a "knowing and understanding" one. *Commonwealth v. Via*, supra. Furthermore, where, as here, appellant has been represented by private counsel every step of the appeal process, in the absence of proof of extraordinary circumstances, see Section 4(b)(2), such a waiver is considered binding. See *Commonwealth v. Sheid*, supra; *Commonwealth v. Johnson*, 433 Pa. 582, 252 A.2d 641 (1969).

Given the aforesaid, inasmuch as appellant's counsel does allege extraordinary circumstances, i.e., his own ineptness, in regard to *some* of the issues presented, see *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978), *they* cannot be held waived.

■ Normally, when counsel whose ineffectiveness is being challenged also represents the appellant on appeal, the proper course, unless ineffective assistance clearly appears on the record, is to remand for the appointment of new counsel not associated with appellate counsel.[5] See, e.g., *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978).

5. We observe that the issue of appointed (private) counsel's effectiveness is not waived because it was not raised on the prior appeal to this Court. Where, as here, appellant's assigned counsel was the same counsel who represented him on appeal, it is unrealistic to expect him to argue his own ineffectiveness. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

This reasoning is consistent with *Commonwealth v. Bundy*, 480 Pa. 543, 546, 391 A.2d 1018, 1020 (1978), wherein it was stated:

> "[W]here counsel raises his own ... inadequacy, [the Court] should not accept that appraisal as an objective view of counsel's stewardship. Even though ... counsel may make a good faith effort to critically review the record of the earlier proceeding, [the Court] cannot accept such an assessment as an objective and detached evaluation of ... counsel's [own] stewardship. Fundamental fairness requires no less."

Under the circumstances before us, we find a need to remand. To illustrate, appellate counsel avers he was ineffective for not securing a transcription of the March 5th guilty plea until after the first PCHA hearing. If he had done so, counsel argues, he could have submitted to the lower court evidence of guilty plea counsel's ineffectiveness for not objecting to a colloquy that lacked a factual basis and that "failed to inform the [appellant] that a jury would be chosen from members of the community, that he would have a right to participate in the selection of the jury, that the verdict of the jury would have to be unanimous and that they would have to be satisfied beyond a reasonable doubt of his guilt." (Appellant's Brief at 29–30); see *Commonwealth v. Willis*, 492 Pa. 310, 311, 424 A.2d 876, 877 (1981) (it is incumbent upon new counsel to review completely the stewardship of his predecessor and all arguable instances of ineffective assistance, whether or not on the trial record, and raise it at the first opportunity); *Commonwealth v. Alberts*, 285 Pa.Super. 10, 13, 426 A.2d 678, 680 (1981) (semble); see also *Commonwealth v. Crowther*, 241 Pa.Super. 446, 448, 361 A.2d 861, 862 (1976).

Our Supreme Court, with regard to the claim of ineffectiveness when advanced by counsel who is alleged to have been ineffective, has said:

> "While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on

the record before us, *we will not reject such a claim without a remand for appointment of new counsel.*" (Emphasis added) *Commonwealth v. Fox*, supra, 476 Pa. at 479, 383 A.2d at 201.

Applying the *Fox* analysis, we cannot say reversible error is apparent in the present record. See, e.g., *Commonwealth v. Miller*, 495 Pa. 177, 433 A.2d 1 (1981); *Commonwealth v. Weiss*, 289 Pa.Super. 9, 432 A.2d 1020 (1981). Accordingly, we remand to the trial court to permit appellant, if he desires, to select new counsel, not associated with appellate counsel, to represent him on the issue of ineffectiveness of appellate counsel and any other issue properly preserved for appellate review.[6] *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, supra. If eligible, appellant may instead request the court to appoint new counsel for this purpose.

Order reversed and the case is remanded for proceedings consistent with this Opinion.

---

**6.** The appellant, of course, need not acquire new counsel, for every person has a right to retain counsel of his choice. *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Ross*, 465 Pa. 421, 350 A.2d 836 (1976). But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).