396 A.2d 389

**COMMONWEALTH of Pennsylvania**

v.

**Elliot T. HANKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 22, 1978.

Lawrence S. Rosenwald, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This appeal arises from denial in the court below of appellant's request for relief under the Post Conviction Hearing Act (P.C.H.A.).[1]  Appellant pleaded guilty to charges of robbery[2] and criminal conspiracy[3] and was sentenced on December 12, 1975.  No post-trial motions were filed and no direct appeal was taken.  In September, 1976, appellant filed his P.C.H.A. petition which challenged the

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1) *et seq.*

2. 18 Pa.C.S. § 3701.

3. 18 Pa.C.S. § 903.

knowing and voluntary aspects of his plea. We find appellant's claims to be waived, and therefore affirm the order of the court below.

To qualify for P.C.H.A. relief, a petitioner must establish, *inter alia,* that "the error resulting in his conviction and sentence has not been finally litigated or waived."[4] An issue is deemed waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue." 19 P.S. § 1180–4(b)(1), (2).

Appellant's contentions are, without exception, addressed to the validity of his plea, and as such would clearly be cognizable on direct appeal. *Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974); *Commonwealth v. Hill,* 457 Pa. 1, 319 A.2d 886 (1974). It is firmly established that a challenge to the validity of one's guilty plea must be addressed by a petition to withdraw the plea in the trial court. *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973); *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975). *See also* Pa.R.Crim.P. 321, effective September 1, 1977. Appellant's claims are therefore waived for purposes of P.C.H.A. relief unless he has established extraordinary circumstances justifying his failure to appeal the plea directly.

■■ Appellant alleges that counsel performed ineffectively at the guilty plea colloquy and that because the terms of a plea bargain were not put on the record, appellant misunderstood the potential sentence he would receive. Neither of these assertions explains his failure to directly appeal from the plea. Appellant finally contends that there was no showing on the record that he was entitled to be provided with counsel for appeal purposes, and that this constitutes

4. The act of January 25, 1966, P.L. (1965) 1580, § 3(d) [19 P.S. § 1180–3(d)].

an "extraordinary circumstance." In fact, this contention was not raised in appellant's P.C.H.A. petition, nor presented at the hearing thereon, and therefore, will not be considered by this court on appeal.

■ When a petitioner does not allege that he was denied his right to a direct appeal, a challenge to a guilty plea as not knowingly and intelligently entered is waived under the Post Conviction Hearing Act. *Commonwealth v. Nero*, 250 Pa.Super. 17, 378 A.2d 430 (1977). Appellant has not so argued, and is accordingly denied relief.

The order of the court below is affirmed.

HESTER, J., files a dissenting opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

This is an appeal from a denial of a petition for Post Conviction Relief.

Appellant pleaded guilty on December 12, 1975 to robbery and criminal conspiracy and was sentenced to two (2) concurrent terms of 2½ to 10 years. No Post Trial Motions were filed and no appeal was taken.

Appellant subsequently filed a petition for Post Conviction Relief. After a hearing, the petition was denied and this appeal follows.

Appellant asserts, inter alia, that his guilty plea was not knowing and voluntary where the elements of the crimes with which he was charged were not outlined to him in understandable terms and that his counsel's failure to insure that the elements were so explained constituted ineffective assistance of counsel.

Pa.R.Cr.P. § 319(a) requires that when a defendant pleads guilty in a criminal case, the trial judge must engage in a colloquy demonstrating on the record that the defendant

understands, among other things, the nature of the charges against him. *Commonwealth v. Tabb,* 477 Pa. 115, 383 A.2d 849 (1978). *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976).

After examination of the record colloquy, we find it barren of any mention of the elements of the crimes charged. In fact, the only mention of the crime was:

Q. In this particular case, you have elected to plead guilty to the robbery bill.

A. Yes, sir.

Q. Did I explain to you that the robbery bill and the conspiracy bill carry a maximum sentence of twenty years?

A. Yes, sir.

Q. Do you understand that, in this particular case, if you pled guilty, the Judge would be able to give you a sentence of a maximum of up to twenty years?

A. Yes, sir.

(N.T. – 4)

This was clearly error by the court and also constituted ineffective assistance of counsel. Appellant's trial attorney failed to insure that the elements of the offense were explained in the colloquy. *Commonwealth v. Holmes,* supra.

However, the Commonwealth argues that this issue has been waived by the failure to raise it at the P.C.H.A. hearing below. In the P.C.H.A. petition, appellant alleges that his plea was not knowing, intelligent and voluntary and that this issue had not been finally litigated or waived because of counsel's ineffectiveness. Furthermore, this precise issue was argued before the P.C.H.A. court. We disagree with the majority and find the appellant had properly preserved this issue.

I would reverse the order of the court below, vacate the judgment of sentence and remand for a new trial.