428 A.2d 197

**COMMONWEALTH of Pennsylvania,**

v.

**Pedro RODRIGUES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed April 3, 1981.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant and two co-defendants were charged with Robbery and Theft by Unlawful Taking on February 7, 1977. The facts which led to the prosecution in this case are as follows: On December 21, 1976, three armed men wearing ski masks entered Fat's Snack Shop in Harrisburg, Pennsylvania. The attendant, believing the hold-up to be a joke, went up to one man and pulled off his cap mask. He immediately recognized Luis Cortes, appellant's co-defendant. The robbery was completed and the assailants left. Mr. Cortes was later captured and informed the police of the identity of the other men. Appellant was so identified.

An attorney from Dauphin County Public Defender's Office, Larry Stone, was appointed to represent the above individuals. On the date set for trial, appellant and one of the two co-defendants appeared before the Honorable William W. Caldwell with Attorney A. Mark Winter from the aforementioned Public Defender's Office. Both defendants pled guilty with sentencing being deferred pending pre-sentence investigation. Sentencing was held on August 11, 1977 before Judge Caldwell for both defendants. At that time, they were represented by their third attorney from Dauphin County Public Defender's Office, Mr. Larry A. Kalikow. Appellant was sentenced to a term of imprisonment of not less than five (5) nor more than fifteen (15) years imprisonment. Neither a petition to withdraw the plea nor a direct appeal from the sentence was filed by the appellant.

Appellant filed a Post-Conviction Hearing Act (hereinafter PCHA) petition on December 21, 1978, with private counsel appointed one week later. Said counsel filed a supplemental petition which was denied without a hearing by Order dated March 14, 1979. This appeal followed.

In his petition, appellant contends that his guilty plea was induced as a result of the constitutionally improper dual representation of himself and his co-defendant. Furthermore, appellant asserts that he has not waived his right to challenge the validity of his guilty plea because of the

ineffectiveness of trial counsel. Finally appellant urges us to grant him an evidentiary hearing on his petition.

It is undisputed that claims challenging the voluntariness of a guilty plea are to be raised in a petition to withdraw the plea. *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977), *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). Since no such petition was filed in this case, we must determine if this issue has been waived for purposes of PCHA relief. According to the PCHA, an issue is waived if the petitioner knowingly and intelligently failed to raise it and is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. PCHA § 4(b), 19 P.S. § 1180–4(b) (Supp.1979–80). Our courts have consistently recognized ineffective assistance of counsel to constitute extraordinary circumstances ". . . excusing an appellant's failure to follow appropriate procedures in seeking relief for his or her complaints." *Commonwealth v. Strader*, 262 Pa.Super. 166, 175, 396 A.2d 697, 702 (1978), *Commonwealth v. Valezquez*, 244 Pa.Super. 327, 330, 368 A.2d 745, 746 (1976).[1] In the case at bar, appellant advances an ineffectiveness argument as an explanation for his failure to seek a withdrawal of the plea. Therefore, there is no waiver. See *Commonwealth v. Lantzy*, 284 Pa.Super. 192, 425 A.2d 768 (1981), *Commonwealth v. Strader*, supra.

There being no waiver, we must then determine whether the dual representation of appellant and his co-defendant rendered the assistance of counsel constitutionally infirm. The Pennsylvania Supreme Court addressed the issue of dual representation in *Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354 (1974), wherein it stated:

"Our dual representation cases make several principles clear. 'First, [i]f in the representation of more than one defendant a conflict of interest arises, the mere existence

---

1. Cf. *Commonwealth v. Hankins*, 261 Pa.Super. 264, 396 A.2d 389 (1978).

of such conflict vitiates the proceedings, even though no *actual* harm results...' *Commonwealth ex rel. Whitling v. Russell*, 406 Pa. 45, 48, 176 A.2d 641, 643 (1962). Second, a defendant must demonstrate that a conflict of interest actually existed at trial, because dual representation alone does *not* amount to a conflict of interest.' *Commonwealth v. Wilson*, 429 Pa. 458, 463, 240 A.2d 498, 501 (1968). Third, '[t]o make the dual representation rise to a true conflict, appellant need not show that actual harm resulted, ... but must at least show the possibility of harm...' *Commonwealth v. Wilson,* supra, 429 Pa. at 463, 240 A.2d at 501. Fourth, appellant will satisfy the requirement of demonstrating possible harm, if he can show, inter alia, 'that he had a defense inconsistent with that advanced by the other client or that counsel neglected his case in order to give the other client a more spirited defense.' Id." (citations omitted) *Commonwealth v. Breaker,* supra, 456 Pa. at 344–345, 318 A.2d at 356. (emphasis in original)

In the instant case, appellant contends that he was denied effective assistance of counsel because of counsel's representation of his co-defendant. Appellant contends that defense counsel "neglected his case in order to give the other client a more spirited defense."

■ Appellant's co-defendant provided the police with the only evidence linking appellant to the crime and cooperated with them fully in their investigation. At the guilty plea proceedings, Public Defender Winter cross-examined the police officer who investigated the case, but only as to appellant's co-defendant Luis Cortes:

Q: "Yes, Corporal Reichwein, the key to your breaking this case was the cooperation of Mr. Cortes, is that correct?"

A: "That is correct."

Q: "And from the beginning he admitted his own involvement in the crime, is that correct?"

A: "That is correct."

Q: "And he gave you his full cooperation, is that correct?"

A: "Yes, sir."

Q: "And he also stated who the other people involved in the crime were, is that correct?"

A: "Yes, sir."

Mr. Winter then proceeded to argue to the court but only with respect to co-defendant Cortes.

The entrance of appellant's guilty plea could be viewed as indirectly bolstering Cortes' position by making his cooperation with the police appear to be a fruitful one. Furthermore, appellant claims that he was uninformed of the possibility of impeaching Cortes' identification of him if he went to trial.[2] In fact, counsel allegedly failed to discuss any possible defenses with appellant, but merely told him to plead guilty. Under these circumstances, appellant contends that his plea was not voluntary, but was unknowing and coerced by a counsel who was representing his co-defendant in a vigorous manner, to the exclusion of his interests.

Section 9 of the PCHA Act provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner..." 19 P.S. § 1180–9.

---

2. Such potential problems were noted by the United States Supreme Court when they observed:

"Generally speaking, a conflict may also prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another." *Halloway v. Arizona*, 435 U.S. 475, 489–90, 98 S.Ct. 1173, 1181–82, 55 L.Ed.2d 426, 438 (1978).

As we stated, appellant will satisfy the requirement of demonstrating possible harm, which indicates a conflict of interest, if he can show ". . . that counsel neglected his case in order to give the other client a more spirited defense." Appellant alleges exactly that and cites incidents in the course of the guilty plea proceeding in support thereof. If a conflict of interest were to be proven, appellant would be entitled to representation by an attorney free from conflict. See *Commonwealth v. Westbrook*, 484 Pa. 534, 400 A.2d 160 (1979).

We cannot therefore hold that appellant's claim is patently frivolous or without a trace of support from the record. In fact, the record supports his position not only for what is contained therein, but because of what is not included in the record. The lower court judge failed to establish that appellant voluntarily, intelligently, and knowingly waived his right to be represented by separate counsel. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938), *Commonwealth v. Burch*, 248 Pa.Super. 8, 374 A.2d 1291 (1977).

Our Supreme Court has cautioned that ". . . if a court is not certain of the patent frivolousness of an issue in a post conviction petition, it is required to grant a hearing on the issue." *Commonwealth v. Laboy*, 460 Pa. 466, 470, 333 A.2d 868, 870 (1975).

The order of the lower court is reversed and the case is remanded for a hearing at which time, appellant, represented by counsel not associated with the public defender's office, may offer evidence in support of his allegations.[3] If appellant or the Commonwealth objects to any order entered thereafter by the lower court, a new appeal must be taken.

WATKINS, J., notes dissent.

---

**3.** Appellant also claims that counsel's failure to object to the use of a police department interpreter during the guilty plea was evidence of ineffectiveness. This claim has no merit and need not be addressed in the evidentiary hearing.