445 A.2d 721

**COMMONWEALTH of Pennsylvania**

v.

**Christopher Columbus MITCHELL, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 13, 1982.

Decided May 25, 1982.

Robert M. Rubin, Philadelphia, (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the denial of appellant's first Post Conviction Hearing Act (P.C.H.A.) petition. Following a jury trial, appellant was convicted of murder of the second degree. Post verdict motions were denied, and the conviction was affirmed on direct appeal. Thereafter, appellant, represented by counsel different from trial and direct-appeal counsel, filed a P.C.H.A. petition, which was denied. This appeal followed.

On appellant's direct appeal, *Commonwealth v. Mitchell*, 464 Pa. 117, 346 A.2d 48 (1975), this Court decided that appellant could not, for the first time on appeal, raise the new legal theory that his confession should have been suppressed as the result of an unnecessary delay between arrest and arraignment in violation of Pa.R.Crim.P. 118 (now Rule 130), where he had argued unsuccessfully at various stages of the proceedings below that his confession was involuntary, but did not raise the violation of Rule 130. In so deciding, this Court reversed its decision in *Commonwealth v. Wayman*, 454 Pa. 79, 309 A.2d 784 (1973), which had permitted new legal arguments to be raised on appeal where (1) the new legal principles had been announced since the date of the prior proceedings or (2) the ground for relief was the same as that presented below.

Direct appeal counsel had relied on *Wayman* as authority for raising on appeal a new legal theory in support of appellant's invalid confession claim. The authority for the new legal theory itself was this Court's decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972), that all evidence obtained during an "unnecessary delay" between arrest and arraignment, except evidence unrelated to the delay, is inadmissible. Relying on *Wayman*, appellant argued on direct appeal that the *Futch* decision should be

available for the first time on direct appeal as authority for a new legal theory (exclusion of confession because of "unnecessary delay") in support of old grounds for relief (invalid confession) because *Futch* was handed down after trial in the instant case and because the grounds for relief had been raised below. As this Court stated on direct appeal, however, the Rule of Criminal Procedure prohibiting an unnecessary delay between arrest and arraignment was in existence at the time of trial in this case. *Futch* merely explained the consequences of a violation of the rule. *Commonwealth v. Mitchell*, 464 Pa. at 120, 346 A.2d at 50. Further, this Court expressly reversed *Wayman's* rule that issues not "specifically raised" below could be raised for the first time on appeal. 464 Pa. at 126, 346 A.2d at 53. The direct appeal argument that the confession should be excluded from evidence because of an unnecessary delay between arrest and confession was, therefore, waived. Violation of Rule 130 could have been raised below, but it was not.

█ Appellant now argues that while on direct appeal he was not permitted to raise the new legal theory of involuntariness of confession because of "unnecessary delay" between arrest and arraignment (a violation of Rule 130), he should be allowed to raise this new legal theory in post-conviction proceedings because it is alleged that this Court's decision in appellant's case on direct appeal (overruling *Wayman*) constituted an "extraordinary circumstance." * Appellant's argument notwithstanding, this Court's decision on appellant's direct appeal does not constitute "extraordinary circumstances" within the meaning of the P.C.H.A.

* For purposes of the P.C.H.A., an error is waived if:
  (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
  (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
  (c) There is a presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.
  19 P.S. § 1180–4(b) (Supp.Pamph.1981–1982).

While appellate counsel may have been surprised by this Court's overruling of *Wayman*, as the P.C.H.A. court pointed out, appellate counsel could have raised the issue of trial counsel's failure to raise and preserve the *Futch* claim, and having failed to do that, appellate counsel, and now P.C.H.A. counsel have waived the *Futch* claim. This claim is denied.

■ The second contention is that trial counsel was ineffective in not raising Rule 130 at the suppression hearing or in post-trial motions. This claim, which was not raised on direct appeal, is waived. 19 P.S. § 1180–4(b)(1).

Similarly, the third claim, that the *Futch* issue is meritorious, has been waived as per our discussion of the first claim.

The fourth and final matter raised is that trial counsel was ineffective because of a conflict of interest. Like the second claim, this issue was not raised on direct appeal and is also waived. 19 P.S. § 1180–4(b)(1).

Affirmed.

ROBERTS, J., concurs in the result.