462 A.2d 278

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence BOLDING, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed July 1, 1983.

445

Louis Sherman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

We affirm the Order of the Court of Common Pleas of Philadelphia County denying appellant's, Lawrence Bolding's, Post-Conviction Hearing Act (PCHA) Petition. 19 P.S. §§ 1180–1 *et seq., as amended; reenacted as* 42 Pa.C. S.A. §§ 9541–9551.

On appeal, appellant asserts, in essence, that his plea of guilty to kidnapping, conspiracy and theft by extortion was invalid, and, therefore, subject to being withdrawn for failure to comply with the mandates of Pa.R.Crim.P. 319(a) and *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). Additionally, appellant, by way of analogy to the 180-day

time requirement applicable to Rule 1100 cases, argues that the PCHA court's failure to hold a hearing on his PCHA petition within 180 days—it was held 195 days after it was filed—justifies a "dismissal" of the charges or his "release" from custody since the delay was not attributable to the defense and counsel for appellant strenuously objected to the delay. (Appellant's Brief at 9)

Our review of the guilty plea colloquy indicates that the accused was informed of the following:

1) the elements of the offenses. (RR. 13)
2) the permissible range of sentence for each offense. (RR. 14)
3) the right to a jury trial. *Id.*
4) the plea had to be made of one's own free will, absent any threats, and without the inducement of any promises to be valid. (RR. 16)
5) by pleading guilty, appellant gave up his right to have the Commonwealth establish his guilt beyond a reasonable doubt. (RR. 15 & 18)
6) by pleading guilty, appellant gave up his right to confront his accusers. (RR. 16)
7) by pleading guilty, appellant would automatically be in violation of his parole, the consequences of which he would have to take up separately with the Parole Board in contradistinction to the sentence entered instantly. (RR. 17 & 18)
8) the grounds for which an appeal from the plea of guilty could be taken. (RR. 17)
9) the factual basis for the plea. (RR. 19–23)

Furthermore, at the time set for sentencing, appellant acknowledged awareness that he need not have taken the stand in his own defense, and that his presumption of innocence had dissipated with the entry of the guilty plea. (N.T. 3/15/76 at 5 & 6) Also, prior to the conclusion of the sentencing proceeding, appellant's own counsel informed him of the right to appeal, the time period within which such an action had to be taken and the right to the assist-

ance of counsel to perfect the appeal. Appellant stated he understood such rights. *Id.* at 19. Nonetheless, no appeal was filed.

It was not until three years had elapsed, August 16, 1979, that appellant filed a *pro se* PCHA petition. The sole block checked off in the "relief" section of the petition was the one that appeared next to the statement: "A plea of guilty unlawfully induced[.]" (Appellant's PCHA petition at 2) At appellant's request, (private) counsel was appointed and an amended PCHA petition was submitted. Allegations and factual accountings were made therein that are almost identical to those appearing in appellant's appellate brief. *However, conspicuously missing from all of the appellant's supportive evidence respecting the withdrawal of his plea is the claim linking the entry of the alleged defective plea with an ineffectiveness of counsel assertion. See Commonwealth v. Miller,* 495 Pa. 177, 433 A.2d 1 (1981); *Commonwealth v. Dimitris,* 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Maute,* 263 Pa.Super. 220, 397 A.2d 826 (1979).

In fact, at the PCHA hearing, appellant admitted that when he answered "Yes" to the question of whether the plea he was entering was "of [his] own free will," it was true. (PCHA Hearing Tr. p. 19) Further, after the plea was entered, appellant testified that he never communicated to his counsel that he "didn't want to go through with the guilty plea[.]" *Id.* at 21–22. However, appellant testified that the *affirmative* answers he gave at the sentencing proceeding, which, in effect, supplemented what transpired at the plea proceeding, concerning his "understanding" of the "presumption of innocence," "right to remain silent" and "right to present a defense" were *not* true. *Id.* at 28–30. Notwithstanding such averments, appellant, after being advised of his right to appeal with the assistance of counsel and the time frame within which such an action had to be taken (N.T. 3/15/76 at 19), *failed* to contact his attorney to perfect an appeal. *See, e.g., Commonwealth v. Ross,* 289 Pa.Super. 104, 432 A.2d 1073 (1981). This was

confirmed by guilty plea counsel. (PCHA Hearing Tr. p. 43)

Next, we observe that a letter, written by the appellant and dated 3 days after the plea was entered, was read into the PCHA hearing record and contained the following:

I submit this letter to you [—Attorney Donald Moser, appellant's guilty plea counsel—] for three purposes. Number one, to thank you for your fine representation at my trial. I believe you delivered and fought my case to the best of your ability. Sorry to say we couldn't have met under more pleasant circumstances. Nevertheless, thank you. *Id.* at 36.

Moreover, appellant also testified that he was "satisfied with the representation that Mr. Moser had given [him] even after the plea of guilty and the sentencing[.]" *Id.* at 34. In other words, appellant had no intentions of withdrawing his plea or taking an appeal, for, as he put it, "After talking to Mr. Moser [following sentencing,] I assumed it was the best of two evils. It could have been worse. I looked at it like that." *Id.* at 38.

Before deciding if appellant's claim attendant to his requesting withdrawal of his guilty plea has merit, logically, we need to determine whether the petitioner has waived his claim. *Commonwealth v. Porta,* 297 Pa.Super. 298, 301, 443 A.2d 845, 847 (1982), petition for allowance of appeal denied September 1, 1982. In accordance with the dictates of *Porta,* we see that Section 4 of the PCHA provides in pertinent part: "(b) For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised ... on appeal .... (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." 19 P.S. § 1180–4(b)(1) & (c) (Supp. 1978–79); *see Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972) (Section 4 presumption is constitutional).

This Court, in *Commonwealth v. Flynn,* 295 Pa. Super. 513, 442 A.2d 256 (1982), was addressing a similar

question and responded in a fashion that is relevant here; namely:

> Instantly, such presumption has not been rebutted since there has been no proof that appellant's withdrawal of his appeal was anything but a 'knowing and understanding' one. *Commonwealth v. Via,* [445 Pa. 373, 316 A.2d 895 (1974) ]. Furthermore, where, as here, appellant has been represented by private counsel every step of the appeal process, in the absence of proof of extraordinary circumstances, see Section 4(b)(2), such a waiver is considered binding. See *Commonwealth v. Sheid,* [443 Pa. 82, 278 A.2d 160 (1971) ]; *Commonwealth v. Johnson,* 433 Pa. 582, 252 A.2d 641 (1969).

*Id.,* 295 Pa.Superior at 520, 442 A.2d at 260. Although instantly Lawrence Bolding took *no* appeal, whereas in *Flynn* the accused *withdraw* his appeal, the principles just cited apply with equal force to both situations. *See Commonwealth v. Newell,* 486 Pa. 474, 406 A.2d 733 (1979); *Commonwealth v. Dimitris, supra; Commonwealth v. Hankins,* 261 Pa.Super. 264, 396 A.2d 389 (1978). Appellant, represented by counsel other than guilty plea counsel throughout the post-guilty plea process, has failed to rebut the presumption of a knowing and intelligent waiver of his right to appeal on any basis, let alone on an allegation of "extraordinary circumstances." *Commonwealth v. Newell, supra; Commonwealth v. Ray,* 483 Pa. 377, 396 A.2d 1218 (1979); *see also Commonwealth v. Flynn, supra; Commonwealth v. Hankins, supra; Commonwealth v. Porter,* 256 Pa.Super. 163, 389 A.2d 651 (1978) (even where a petitioner alleges facts that, if proven, would entitle him to relief, the petition may still be dismissed if the issue could have been raised previously and the petitioner does not allege extraordinary circumstances justifying his failure to do so) and compare with *Commonwealth v. Lowry,* 260 Pa.Super. 454, 394 A.2d 1015 (1978). Accordingly, we need not enmesh ourselves in an examination of appellant's pro-

testations since we find such complaints waived.[1] *See Commonwealth v. Ray, supra; Commonwealth v. Hankins, supra; Commonwealth v. Porter, supra.*

Order affirmed.

**1.** Even if, for the sake of argument, we were to find no waiver, the colloquy conducted at the guilty plea hearing satisfies us that appellant entered a knowing, intelligent and voluntary plea. *Cf. Commonwealth v. Anthony,* 307 Pa.Super. 312, 321 & 322, 453 A.2d 600, 604 & 605 (1982) ("It would approach absurdity for us to here rule that the failure of the trial judge to advise [appellant] of the need for jury verdict unanimity rendered the colloquy inadequate, defective and void .... Appellant does not indeed, could not-argue that he would not have pleaded guilty had he known a jury verdict was required to be unanimous. There is not even a suggestion or a hint of prejudice and we cannot, therefore, rule the colloquy defective."), *allocatur* granted May 13, 1983 [No. 49 Eastern District Appeal Docket 1983]. As for appellant's contention that the court's failure to conduct a hearing on his PCHA petition within 180 days after it was filed justifies his discharge, we note, as is the case in dealing with Rule 1100 claims, appellant needs to show how "he was prejudiced by the court's action." *Commonwealth v. Fairley,* 298 Pa.Super. 236, 242, 444 A.2d 748, 751 (1982); *Commonwealth v. Walls,* 303 Pa.Super. 284, 290 n. 13, 449 A.2d 690, 693 n. 13 (1982). Appellant has failed to do so here. Thus, he is entitled to no relief. *Cf. Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 187 n. 2, 395 A.2d 1376, 1378 n. 2 (1978) ("Appellant also contends that he was denied due process because the post-conviction hearing court took one year to dispose of his petition after the hearing.... In this appeal, counsel for appellant cites no cases for this claim, and we find no merit in it.").