464 A.2d 465

**COMMONWEALTH of Pennsylvania**

v.

**Paul DESABETINO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed Aug. 12, 1983.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of burglary and theft. Post-trial motions were filed and denied. Appellant was sentenced to ten to twenty months imprisonment on the burglary count. A suspended sentence was imposed on the theft count.

Four issues are raised on appeal: 1) Was the evidence sufficient to support the convictions?; 2) Did the court err in failing to give an alibi instruction?; 3) Was counsel

564

ineffective in failing to object to an erroneous jury instruction?; and 4) Was the sentence imposed illegal?

In reviewing the sufficiency of the evidence to support a conviction, we must view that evidence in the light most favorable to the Commonwealth. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979). Viewed in that light, the record reveals the following. On July 18, 1981, at approximately 3:35 A.M., Pittsburgh Police Officer Paul Lugalia and his partner were passing an Arco Gas Station at 40th and Butler Streets, in the Lawrenceville Section of the city. He observed:

> "a white male with a white shirt, a cast on his arm, dark pants, running not fast, but like a trot in front of the gas station window and he put up his hand to either tap on the window or wave to somebody and he proceeded across the gas station lot".

Another white male then climbed out of the gas station window and followed the first man across the street. The officers broadcast a burglary in progress and a description of the two suspects. They attempted to follow the suspects but soon lost sight of them near the Fort Wayne Cigar Store. After a brief search, the officers stopped at the cigar store. They were informed by the clerk that a man matching the description of the first suspect had been in the store a few minutes earlier. The officers returned to the gas station and found a number of articles piled against the wall where the first man had been standing. Several minutes later, Officers Jones and Reed, responding to the call for assistance, observed appellant, who met the description of the first suspect, running on Foster Street, a few blocks from the gas station. The officers chased appellant and apprehended him.

Appellant testified that he spent the late evening and early morning hours at a bar called Sharp's, which is located about five blocks from the Arco Gas Station. Appellant presented Howard Mazzoccoli, who testified that he was with appellant at Sharp's until about 1:30 A.M. Appellant stated that he left Sharp's at about 2:45 A.M. and began walking towards the 40th Street Bridge. Before

reaching the Bridge, however, he was stopped by police. Appellant stated that he was not in the Fort Wayne Cigar Store that night.

■ The evidence presented at trial was sufficient for the jury to infer beyond a reasonable doubt that appellant was an accomplice in the burglary of the gas station.

■ Appellant argues that he was entitled to a jury instruction on the defense of alibi. Clearly, Mr. Mazzoccoli's testimony does not constitute an alibi, since he left appellant nearly two hours before the burglary. However, appellant claims that his own testimony placed him in a different place at the time of the crime. The Commonwealth argues that a defendant cannot provide his own alibi so as to warrant a jury instruction. This argument is incorrect. The testimony of the accused may, by itself, be sufficient to raise an alibi defense and entitle him to an appropriate jury instruction. *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980). However, although appellant *could* have raised an alibi defense by his testimony, he failed to do so in this case. Appellant testified that he left Sharp's Bar at about 2:45 A.M. and began walking in the direction of the gas station. He stated that it would take him about a half hour to walk that distance. He was arrested at about 3:40 A.M. in that area. Therefore, appellant's own testimony placed him in the area of the burglary at the time it was being committed. This eliminated the need for the trial judge to charge on alibi. *Commonwealth v. Young,* 460 Pa. 598, 334 A.2d 252 (1975).

■ Since we have concluded that the court did not err in failing to give an alibi instruction, trial counsel cannot be found ineffective for not objecting to such failure. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ Appellant's final argument is that his sentence was illegal. Under 18 Pa.C.S.A. § 3502(d), a defendant may not be "convicted" of both burglary and theft. Appellant interprets this to mean that a jury may not return verdicts of guilty on both burglary and theft charges. However, this

provision has been held to prohibit *judgments* on both burglary and theft, not verdicts of guilty on both charges. *Commonwealth v. Black*, 267 Pa.Super. 598, 407 A.2d 403 (1979).

Clearly, however, the counts of burglary and theft should have merged for sentencing purposes. *Commonwealth v. Harris*, 269 Pa.Super. 41, 409 A.2d 53 (1979).

■ Because of the future prejudice to appellant, the improperly imposed sentence should be vacated even though it was suspended. *Commonwealth v. Richardson*, 232 Pa.Super. 123, 334 A.2d 700 (1975). We have the option to either remand for resentencing or amend the sentence directly. *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982). Since the suspended sentence did not affect the sentence for burglary, we will not remand but will merely vacate the suspended sentence.

■ Appellant also alleges that the court failed to state any reasons for the sentence. *See Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). There is no indication in the record that this issue was raised either at the time of sentencing or in a Petition for Reconsideration of Sentence. Therefore, ordinarily we would consider the issue to be waived. *See Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979). However, since appellant has alleged that trial counsel was ineffective, we have, in view of the circumstances of this case and in the interest of judicial economy, reviewed the sentencing transcript and find that this argument is without merit.

Judgment of Sentence for burglary affirmed. Judgment of Sentence for theft vacated.

POPOVICH, J., files a concurring and dissenting statement.

POPOVICH, Judge, concurring and dissenting:

I concur in the result reached by the Majority. However, I do not join in that portion of the Opinion that treats appellant's sentencing claim. My review of appellant's brief reveals that, although he raises an ineffectiveness of

counsel argument, *he fails to link it with a deficient sentencing proceeding under Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). (Appellant's Brief at 20) *See Commonwealth v. Bolding,* 315 Pa.Super. 444, 462 A.2d 278 (1983). Thus, I find that the sentencing question has been waived. *Commonwealth v. Bolding, supra.*

Moreover, appellate courts render a disservice to judicial economy and the efficient operation of our court system where they freely accept issues that could have and should have been first presented to the courts below for their consideration. *Commonwealth v. Mitchell,* 464 Pa. 117, 123, 346 A.2d 48, 52 (1975). Instantly, the appellant has failed to raise the issue (of a deficient sentencing proceeding) addressed by the Majority in the court below; therefore, it is waived.