465 A.2d 684

**COMMONWEALTH of Pennsylvania**

v.

**John K. YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed Sept. 9, 1983.

540

James F. Metka, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by the appellant, John K. Young, from the Order of the Court of Common Pleas of Philadelphia (per Judge Blake) denying his request for relief under the Post-Conviction Hearing Act (PCHA). 19 P.S. § 1180–1 *et seq., as amended; reenacted as* 42 Pa.C.S.A. §§ 9541–9551. We affirm.

On August 20, 1975, a jury found the appellant guilty of the stabbing death of 25-year-old Marlene Mapp (murder in the second degree), possession of an instrument of crime (butcher knife), robbery and burglary. Post-trial motions were denied and appellant was sentenced to concurrent terms of life imprisonment for murder and ten (10) to

twenty (20) years for burglary; sentence was suspended on the other charges.

Young appealed directly from the judgment of sentence imposed on the murder conviction to the Pennsylvania Supreme Court. An appeal from the judgment of sentence imposed on the burglary conviction was filed in the Pennsylvania Superior Court and later certified to the Supreme Court. In an Opinion authored by Chief Justice Eagen, appellant's judgments of sentence were affirmed. *Commonwealth v. Young*, 477 Pa. 212, 383 A.2d 899 (1978).

On September 24, 1979, appellant filed a *pro se* PCHA petition and was appointed counsel, who, in turn, filed an amended PCHA petition and brief in support of appellant's contentions. Thereafter, by order and accompanying Opinion dated April 13, 1982, appellant's petition for relief under the PCHA was denied. This appeal followed.

Appellate counsel, who also represented appellant at the PCHA level but not at trial, raises the same questions, save for Number 4 *infra*, on appeal as presented to the PCHA court. They are framed in the "Statement of Questions Involved" section of appellant's brief as follows:

1. Did the questioning of the Appellant who was a juvenile, without first affording him the opportunity to consult with a parent or adult, violate his Miranda Rights?

2. At the trial, was evidence introduced which had been obtained pursuant to an unlawful arrest?

3. Was evidence, obtained pursuant to an unconstitutional search and seizure, introduced at trial?

4. Was Appellant's trial counsel ineffective in that he failed to move to suppress evidence obtained pursuant to an unconstitutional search and unconstitutional coerced confession? In addition, was counsel ineffective in only stating prosecutorial misconduct in his Appeal Brief?

Initially, it needs to be mentioned that because appellate counsel is other than counsel whose stewardship is

being assailed, this is the appropriate stage at which to question the ineffectiveness issue. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Cooke*, 288 Pa.Super. 205, 431 A.2d 360 (1981).

Appellant's *first* issue, concerning the waiver of his *Miranda* rights, is not couched in terms of ineffectiveness but does assert that "[his] statement should have been suppressed at the hearing on this matter and a new trial granted." (Appellant's Brief at 10) However, the nexus between the two (stewardship and *Miranda* rights) *is* specifically discussed in that portion of appellant's brief dealing with the *fourth* issue and is posed in terms of a rhetorical question: "Did trial counsel have a reasonable basis in only appealing to the Supreme Court on the issue of prosecutorial misconduct rather than including the important issue [of] whether a juvenile's waiver of his constitutional rights was a knowing and intelligent one[?]" (Appellant's Brief at 15)

At the suppression hearing held on June 10, 1975, the court heard testimony from Detectives Miller, Dougherty and the appellant.

Detective Miller recounted how, because of information received from the victim's neighbor and 6-year-old boy, the appellant, who resided no more than 50 feet from the victim's home, was asked to accompany the police to the station house to answer some questions concerning the killing. At this time, appellant was 17 years and 8 months old.

On the 11th of March, 1975, appellant, at 3:10 p.m., was placed in an interrogation room and advised of his *Miranda* rights. Appellant initially denied involvement in Marlene Mapp's killing. However, at 7:00 p.m. appellant admitted to the homicide. Prior thereto, appellant had rest periods, interspersed with questioning sessions and the taking of a polygraph, the results of which were not admitted into evidence. The confession consisted of five (5) pages of testimony written down by Detective Miller, as told to him

by the appellant. The appellant was permitted to read over the document and affixed his name to each page.

Detective Dougherty's accounting supplemented Detective Miller's version as to what occurred between 4:50 p.m. and 5:45 p.m. on the evening in question, that is, Detective Dougherty testified that he also questioned the appellant concerning the events surrounding the killing. At no period during this interrogation, according to Detective Dougherty, did appellant admit to the commission of the murder.

Appellant's version of what transpired was totally inconsistent with that reported to by the police.

■■■■ The waiver of rights issue need not detain us any longer, for our review of the trial transcript reveals that the inculpatory statement attributed to the appellant was *not* introduced into evidence, even though the prosecuting attorney did insinuate at one stage in the trial proceedings that he might "recall Detective Miller to put in the confession." (N.T. 8/22/75 at 254) The record indicates that the attorney for the Commonwealth did not do so, and we can see why from the overwhelming amount of evidence presented establishing appellant as the perpetrator of this heinous act. Therefore, absent the introduction of such evidence at trial, counsel cannot be deemed ineffective for failing to have raised this issue (invalidity of the inculpatory statement) before the Supreme Court of Pennsylvania in the context of a waiver of rights issue. In other words, albeit trial counsel neglected to raise on appeal "the important issue [of] whether a juvenile's [appellant's] waiver of his constitutional rights was a knowing and intelligent one[,] (Appellant's Brief at 15), this averment is rendered nugatory by the simple fact that the confession elicited from the appellant-juvenile, in contravention of *Commonwealth v. Roane*, 459 Pa. 389, 329 A.2d 286 (1974),[1] *was not introduced into evidence for the jury's consideration in reaching its verdict.* Thus, counsel will not, and cannot, be labelled inept

1. *See also Commonwealth v. Hernandez*, 498 Pa. 405, 446 A.2d 1268 (1982).

for failing to do a useless act. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

The *second* and *third* issues will be dealt with jointly, since their disposition is premised upon the same legal theory, i.e., waiver.

In the *second* issue, appellant claims that he "was brought into the police station at 3:07 P.M. on March 11, 1975, and he was not arraigned until 3:55 A.M. on March 12, 1975. Therefore, it is submitted that this length of delay was unnecessary and is clearly violative of *[Commonwealth v.] Futch* [, 447 Pa. 389, 290 A.2d 417 (1972)] and Rule 130[, Pa.R.Crim.P.] (Formerly Rule 118)." (Appellant's Brief at 13)

Appellant's *third* issue is bifurcated. Initially, he asserts that "but for" the improperly obtained confession and his illegal arrest, which served as the basis for the issuance of the warrant that led to the securement of various pieces of evidence (i.e., three knives, pair of pants and a wash-rag) from his residence and were ultimately submitted at trial, the taint of illegality was not purged. As a result, the evidence seized was suppressible. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In the second portion of appellant's *third* issue, he contends that because the search warrant did not specifically "identify the property to be seized," the requirements of Pa.R. Crim.P. 2005(c) ("Each search warrant shall: ... (c) name or describe the property with particularity the person or place to be searched;") were violated. Therefore, the items seized should not have been admitted into evidence.

 Preliminarily, we wish to point out that nowhere in the applicable section of appellant's brief, concerning the *second* issue, does appellant assert how he was prejudiced by the alleged delay. Since the accused must show how he was prejudiced as a result of the delay, *Commonwealth v. Futch, supra,* his failure to do so prevents this Court from considering the matter. *See Commonwealth v. Mitchell*, 489 Pa. 174, 445 A.2d 721 (1982).

Moreover, we find that what was said in *Commonwealth v. Bolding*, 315 Pa.Super. 444, 462 A.2d 278 (1983), in regard to the appeal of the denial of a PCHA petition requesting the withdrawal of a guilty plea, apropos to the case at bar; viz.:

At appellant's request, (private) counsel was appointed and an amended PCHA petition was submitted. Allegations and factual accountings were made therein that are almost identical to those appearing in appellant's brief. *However, conspicuously missing from all of the appellant's supportive evidence respecting the withdrawal of his plea is the claim linking the entry of the alleged defective plea with an ineffectiveness of counsel assertion. See Commonwealth v. Miller*, 495 Pa. 177, 433 A.2d 1 (1981); *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Maute*, 263 Pa. Super. 220, 397 A.2d 826 (1979). (Emphasis in original)

*Id.*, 315 Pa.Superior Ct. at 447, 462 A.2d at 279. This Court went on to hold in *Bolding* that appellant's right to assault the validity of his guilty plea had been waived. We did so on the basis that, "[a]ppellant, represented by counsel other than guilty plea counsel throughout the post-guilty plea process, ... failed to rebut the presumption of a knowing and intelligent waiver of his right to appeal on any basis, let alone on an allegation of 'extraordinary circumstances.'" (Citations omitted) *Id.*, 315 at 449, 462 A.2d at 280.

■ Instantly, as in *Bolding*, appellant has failed to establish a nexus between the alleged improprieties (*Futch* violation and invalidity of a search warrant) and the stewardship of his trial attorney. We find this omission (especially in the absence of an assertion of "extraordinary circumstances," i.e., the incompetency of prior counsel, to redeem the claim) fatal to appellant's entitlement to have his *second* and *third* claims reviewed by this Court. *Commonwealth v. Bolding, supra* (citing cases).

■ The *fourth*, and last, claim averred by appellant fares no better than his previous contentions, for, again, he has failed to preserve it for our review by not presenting it

at the PCHA hearing. Before examining the reasons why this Court has concluded that "waiver" is the proper response to appellant's contention, we wish to set forth the matter at issue. Appellant protests that trial counsel was ineffective for failing to object to the closing argument of the assistant district attorney, when he (the ADA) "grossly misstated the testimony of Larry Mapp [—the victim's 6-year-old son—] by saying that the witness saw Appellant slit his mother's throat when he was in another room as the stabbing occurred according to his testimony." Appellate counsel avers that this "was a crucial error on the part of [trial] counsel." He views such conduct as "patent, ineffectiveness which materially went to the core of the charges leveled against Appellant and which pierced the armour of proper defense which every defendant is constitutionally protected against." (Appellant's Brief at 16–17)

To recap what transpired prior to the instant appeal, appointed counsel, who is also appellate counsel, filed an amended PCHA petition and a brief in support of appellant's request for a new trial. *However, in neither the amended PCHA petition nor in the accompanying brief did appointed counsel focus on trial counsel's failure to object to an alleged misstatement of the evidence by the prosecuting attorney during closing argument.* In fact, at the PCHA hearing held on April 21, 1981, appellant was the only person to testify. His testimony was restricted to the circumstances leading up to his arrest and confession, as well as the time frame within which all of these events occurred.[2] With respect to the other issues raised by ap-

2. As an aside, we find it unusual that in a case in which counsel's effectiveness is called into question, as is the situation here, no effort was made to have trial counsel present to testify and give his reasons for pursuing the course he did in defending the appellant. Absent the doctrine of waiver, we might find it difficult to resolve all of appellant's complaints on the meager record created at the PCHA hearing *by the appellant. See Commonwealth v. Johnson,* 273 Pa.Super. 488, 491, 417 A.2d 753, 755 (1979) ("Appellant contends that the trial court should not have denied his petition without hearing testimony from trial counsel. *The obligation to present this testimony, however, was upon appellant.* He does not allege that he attempted to present trial counsel and that, despite due diligence, he was unable to do so, or

pointed counsel, the PCHA court noted that counsel was "standing on the Record." (N.T. 4/21/81 at 12) Nonetheless, our review of the "record" does not substantiate a conclusion that appointed counsel, either in the form of an amended PCHA petition or brief, raised the issue concerning the prosecution's summation to the jury. It was not until appointed counsel filed a brief with this Court that the specific reference to the inaccurate summation was first brought to light. As a result, we conclude that appellant has not preserved the issue for our review.

In *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978) our Supreme Court was confronted with the identical problem and handled it in the following manner:

> In his amended PCHA petition, appellant made a general allegation that trial counsel was ineffective for failing "to raise and preserve on appeal issues of inflammatory summation and other prosecution misconduct." At the hearing, appellant's counsel made no specific argument on this claim. When counsel filed a brief in support of the PCHA petition eleven days after the hearing, specific instances of alleged inflammatory summation were alluded to for the first time. Under these circumstances, we believe appellant has waived this claim.

> In *Commonwealth ex rel. Washington v. Maroney, supra*, 427 Pa. [599] at 608, 235 A.2d [349] at 354, we stated:

>> "As with other assertions of a denial of constitutional rights in post conviction proceedings, the burden remains throughout with the prisoner to demonstrate any constitutional deprivation."

> Once a prisoner has made such a showing, the Commonwealth can, of course, call witnesses to rebut his allegations. More specifically, in this case, once appellant would have shown instances where it seemed that trial

even that counsel's testimony would support his contentions. Accordingly, there is no basis for finding [in favor of the] appellant[.]" [Emphasis added] ).

counsel should have objected, the Commonwealth could then have called trial counsel to the stand to explain his failure to object, thus showing either his effectiveness or lack of effectiveness.

Because of appellant's failure to allude to specific instances of inflammatory summation before the PCHA hearing, the Commonwealth never had the opportunity to call trial counsel to explain his actions. For reasons similar to this, *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), and its progeny require a certain degree of specificity to preserve issues for appellate review, and we do not believe that such specificity was present in this case until the brief was filed. For reasons previously stated, we believe such specificity must be met before the evidentiary hearing and not after. As we stated in *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978):

> "We believe these claims are waived, because appellant, by waiting until after the hearing, denied the Commonwealth the opportunity to defend against assertions raised at such a late date." (Footnotes omitted)

*Id.*, 482 Pa. at 353–54, 393 A.2d at 1143–1144.

Since appellant's argument concerning the prosecution's summation was specifically raised for the first time in his brief to this Court, we hold that, in compliance with *Wilson*, the claim is waived. *See also Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977) (although ground for relief was alleged in the amended PCHA petition, because it was not pursued at the time of the hearing nor was it discussed in the brief to the hearing court, the Supreme Court would not consider the question on appeal).

Order affirmed.

ROWLEY and WIEAND, JJ., concur in the result.