J-S61012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT SCHULTZ, | |
| Appellant | No. 2301 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 16, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010914-2016

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED NOVEMBER 27, 2018**

Appellant, Robert Schultz, appeals from the judgment of sentence imposed after he was convicted, following a non-jury trial, of burglary, criminal trespass, attempted theft, and terroristic threats. Appellant challenges the legality of his sentence for his conviction of attempted theft. After careful review, we vacate Appellant's judgment of sentence for that conviction, but affirm his judgment of sentence in all other respects.

The trial court set forth a detailed summary of the facts of Appellant's case, which we need not reproduce for purposes of this appeal. **See** Trial Court Opinion, 1/25/18, at 1-4. Appellant was found guilty of the above-stated crimes on May 22, 2017. Immediately thereafter, he was sentenced to 3 to 7 years' imprisonment for burglary, and to concurrent terms of 1 to 2 years' incarceration for both his convictions of attempted theft and terroristic

threats. Appellant's criminal trespass conviction merged for sentencing purposes. *See* N.T. Trial/Sentencing, 5/22/17, at 50.

Appellant filed a timely post-sentence motion for reconsideration of his sentence on June 1, 2017. The court denied that motion on June 2, 2017. However, on June 8, 2017, Appellant filed a motion for reconsideration of the court's order denying his post-sentence motion, generally claiming, without explanation, that his sentence was illegal and excessive. On June 16, 2017, the court issued an order granting in part, and denying in part, Appellant's motion for reconsideration. Specifically, the court vacated Appellant's sentence for attempted theft, which merged with Appellant's burglary conviction for sentencing purposes, and directed that he "shall receive no further penalty for said charge." Trial Court Order, 6/16/17.[1] The order also stated that Appellant's motion to reconsider the court's order denying his post-sentence motion was denied "in regards to all other charges…." *Id.*

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents two issues for our review:

1. Did not the lower court impose upon [Appellant] an illegal sentence for the crime of attempted theft, contrary to the express terms of 18 Pa.C.S.[] § 3502(d), both when it imposed the original sentence of incarceration of 1 to 2 years and also when it amended that original sentence and imposed a sentence of no further penalty, in that theft was the object crime of the burglary for which [Appellant] was convicted?

---

[1] The trial court's order is not contained in the certified record, but its contents are set forth in the docket entry corresponding with its entry.

2. Did not the lower court err when it imposed a sentence upon [Appellant] for the crime of attempted theft through the issuance of an order, in the absence of any sentencing proceeding and without any waiver of [Appellant's] right to be present at sentencing?

Appellant's Brief at 3.

In Appellant's first issue, he contends that his sentence for attempted theft is illegal. Initially, he maintains - and neither the trial court nor the Commonwealth dispute - that his attempted theft conviction merged for sentencing purposes with his conviction of burglary and, therefore, his original sentence of 1 to 2 years' incarceration for attempted theft was illegal. However, Appellant further maintains that, although the court vacated his attempted theft sentence in its June 16, 2017 order, it imposed another illegal sentence of no further penalty for that offense.

In support of this argument, Appellant first relies on section 3502(d), which states:

> **(d) Multiple convictions.--**A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

18 Pa.C.S. § 3502(d). Appellant then points out that the Sentencing Code lists "guilt without further penalty" as a "sentence" that a trial court may impose. *See* 42 Pa.C.S. § 9721(a)(2) ("In determining the sentence to be imposed the court shall … consider and select one or more of the following alternatives, and may impose them consecutively or concurrently: … (2) A determination of guilt without further penalty."). Appellant stresses that our

Court has previously interpreted section 9721(a) as indicating that the imposition of no further penalty constitutes a "sentence." **See Commonwealth v. Clark**, 746 A.2d 1128, 1131 (Pa. Super. 2000) (*en banc*) (stating that, in enacting section 9721(a), "[t]he Legislature … made it clear that a determination of guilt without further penalty is a 'sentence' for purposes of appeal"); **Commonwealth v. Farrow**, 168 A.3d 207, 215 (Pa. Super. 2017) (reasoning that, "since a court may impose 'guilt without further penalty' as a sentence under 42 Pa.C.S.[] § 9721(a)(2), we shall treat the dispositions [of 'guilty without further penalty' imposed] at counts two and three as sentences for purposes of our double jeopardy analysis").

Appellant's argument is convincing in light of the language of section 9721(a) and our decisions in **Clark** and **Farrow**. Accordingly, we conclude that the court's imposition of no further penalty for Appellant's attempted theft conviction technically constitutes a sentence in violation of section 3502(d). We have the option of either remanding for resentencing, or amending Appellant's sentence directly. **Commonwealth v. Desabetino**, 464 A.2d 465, 467 (Pa. Super. 1983) (citation omitted). Because Appellant's sentence of no further penalty does not affect his aggregate judgment of sentence in any way, we simply vacate that sentence, imposed for Appellant's attempted

theft conviction. We need not remand for resentencing, and we affirm Appellant's judgment of sentence in all other respects.[2]

Judgment of sentence affirmed in part, vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/18

---

[2] Given this disposition, we need not address Appellant's second issue, in which he claims that the court erred by resentencing him to no further penalty for his attempted theft conviction "in his absence[, and] without a sentencing hearing [or] any express waiver of his right to be present for sentencing." Appellant's Brief at 14.